IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>EAST PENN MANUFACTURING COMPANY, INC.<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin East Penn Manufacturing Company, Inc. ("Defendant"), from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendant in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendant pursuant to the Act and an equal amount due to the employees of Defendant in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant East Penn Manufacturing Company, Inc., is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at Deka Road, Lyon Station, Pennsylvania 19536. Defendant is engaged in the manufacturing of batteries, battery accessories and related components at the same address, within the jurisdiction of this Court.

3. The business activities of Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

4. Defendant has employed and is employing employees in and about its place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. This includes, but is not limited to, the use and handling of batteries, plastics, and battery components that originated outside the Commonwealth of Pennsylvania and the production of batteries and battery accessories for sale outside the Commonwealth of Pennsylvania for automotive, commercial, marine, industrial, stationary and specialty markets. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of East Penn Manufacturing Company are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

5. Defendant willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing its employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendant is liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

6.      For example, during the period from at least October 20, 2014, through at least September 30, 2017, Defendant's employees, including employees listed in the attached Schedule A working in the automotive plants, specialty plants, industrial plants, smelter plants, and molding plants, regularly worked over 40 hours in a workweek. Such employees spent time putting on and removing uniforms and protective gear before and after their scheduled shifts, and spent time showering after their scheduled shifts. Defendant paid employees for a set amount of scheduled hours and failed to compensate such employees for those hours worked beyond the set amount of scheduled hours.

7.      Defendant required employees to don and doff protective gear before and after their scheduled shifts, and required them to shower after the end of their scheduled shift. Those activities were integral to the work being performed and should have been compensated.

8.      Defendant was aware of the amount of time employees spent performing these pre- and post-shift activities because they recorded that time through a time clock system. Defendant knew that the uncompensated time regularly caused employees' working hours to exceed 40 hours in a workweek, or occurred during workweeks in which employees' working hours exceeded 40. Employees were paid for a set amount of scheduled hours per day, typically eight, rather than the actual amount of time worked based on when they clocked in and out. The uncompensated time in the time clock hours would often equal an additional one to two hours that were in excess of 40 hours in a workweek.

9.      Despite being well aware that the employees' time clock hours typically exceeded 40 per week, usually due to the need to engage in these compensable activities, Defendant only paid them for a fixed number of hours per day. Thus, Defendant knowingly failed to pay these

employees the required overtime premium for those additional hours that were over 40 in a workweek.

10. Defendant violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendant failed to make, keep, and preserve adequate and accurate records of their employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendant did not make, keep and preserve payroll records showing the accurate amount of compensable hours worked by employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendant liable for unpaid overtime compensation due to certain of Defendant' current and former employees listed in the attached Schedule A for the period of October 20, 2014, through September 30, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendant listed in the attached Schedule A for violations continuing after September 30, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendant's employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
Fax: (215) 861-5162

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel for Wage and Hour

*/s/ Oscar L. Hampton III*

Oscar L. Hampton III
Regional Solicitor
MO ID# 36778
Hampton.Oscar@dol.gov
(215) 861-5120

Adam F. Welsh
Regional Counsel for Wage and Hour
PA ID# 84988
Welsh.Adam@dol.gov
(215) 861-5159

Jordana L. Greenwald
Senior Trial Attorney
PA ID# 93836
Greenwald.Jordana@dol.gov
(215) 861-5129

Bertha M. Astorga
Trial Attorney
PA ID# 320644
Astorga.Bertha.M@dol.gov
(215) 861-5126

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff