UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 5:18-cv-01194-GEKP |
| v. | ) ) | |
| EAST PENN MANUFACTURING COMPANY, INC., | ) ) | **JURY DEMAND** |
| Defendant. | ) ) ) | |

### ANSWER OF DEFENDANT, EAST PENN MANUFACTURING COMPANY

Defendant, East Penn Manufacturing Company[1], hereby answers the Complaint with the following responses numbered to correspond with the paragraphs in the Complaint. Defendant denies each and every allegation of the Complaint not expressly admitted below.

1.  Defendant admits that this Court has jurisdiction pursuant to 29 U.S.C. § 217 and 28 U.S.C. §§ 1331 and 1345.

2.  Defendant denies that its name is "East Penn Manufacturing Company, Inc." and further states that its proper name is "East Penn Manufacturing Company". Defendant further denies that the Pennsylvania facilities at which the hourly employees listed in Appendix A work or have worked are located at the same address as its registered office. Defendant admits the remaining allegations in paragraph 2.

3.  The allegations in Paragraph 3 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in

---

[1] While the Complaint identifies Defendant as "East Penn Manufacturing Company, Inc.", the correct name is "East Penn Manufacturing Company".

1

Paragraph 3 because the Complaint does not clearly define the "business activities" and "place of business" at issue in the Complaint.

4.      Defendant admits that its Pennsylvania plants at which the hourly employees listed in Appendix A work or have worked engage in the production of goods for commerce, including the use of goods and materials originating outside of the Commonwealth of Pennsylvania and the production of batteries and battery accessories for sale outside the Commonwealth of Pennsylvania.  Defendant admits that the annual gross volume of sales made or business done by these Pennsylvania plants collectively exceeds $500,000.  Defendant further states that the allegations in the last sentence of Paragraph 4 constitute a conclusion of law to which no response is required.  Defendant denies the remaining allegations in Paragraph 4.

5.      The allegations in Paragraph 5 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.      Defendant admits that during the period from October 20, 2014 through at least September 30, 2017, the scheduled shift hours for the hourly employees listed in Appendix A sometimes exceeded 40 hours in a work week. Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant admits that it requires or required some of the hourly employees listed in Appendix A to don and doff protective gear and clothing before beginning and after completing production duties but denies that such donning and doffing takes place only before paid time and after paid time.  Defendant admits that some of the hourly employees listed in Appendix A are or were required to shower after completing production duties but denies that all

of those employees are or were required to do so and also denies that showering occurs only after the end of paid time.  Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant admits that it uses a time clock system in certain areas of its plants but denies that the time clock system records the actual amount of time that employees spend performing the pre- and post-shift activities identified in Paragraph 7.  Defendant admits that it does not or did not pay the hourly employees listed in Appendix A based on their actual clock-in and clock-out times but denies that it is legally obligated to do so.  Defendant denies the remaining allegations in Paragraph 8.

9.      Defendant admits that it paid the hourly employees listed in Appendix A for their scheduled shift hours but further states that such shift hours include time to perform the clothes-changing and showering activities at issue in this case.  Defendant denies the remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 10.

## PRAYER FOR RELIEF

Defendant denies that plaintiff is entitled to any relief that he seeks in paragraphs (1) through (3) of the prayer for relief.

## DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Employees can and did perform some or all of the clothes-changing, gear acquisition and removal, and showering activities at issue on paid time.  Defendant did not

authorize, require, suffer, or permit the alleged off-the-clock clothes-changing, gear acquisition and removal, and showering activities by hourly employees.

3.      If any supervisor or manager authorized, required, requested, suffered, or permitted an employee to perform the clothes-changing, gear acquisition and removal, and showering activities at issue outside of paid time, such supervisor or manager acted outside the scope of his or her employment.

4.      Plaintiff is not entitled to recover compensation on behalf of those employees whose claims, or portions of their claims, are barred by the applicable statute of limitations.

5.      Even though Defendant pays for clothes-changing and showering activities, all or part of the time for which Plaintiff seeks compensation on behalf of Defendant's employees does not constitute compensable working time.  Among other things, the Supreme Court's test in *Steiner v. Mitchell*, 350 U.S. 247 (1956), is not derived from the language in the Fair Labor Standards Act and is in derogation of the Portal Act.  Therefore, the activities at issue are non-compensable preliminary and postliminary activities.

6.      All or part of the time for which Plaintiff seeks compensation on behalf of Defendant's employees is non-compensable under the *de minimis* doctrine.

7.      All or part of the time for which Plaintiff seeks compensation on behalf of Defendant's employees is non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

8.      Defendant did not willfully deprive any person of any wages to which they may have been entitled.

9.      Plaintiff is not entitled to recover liquidated damages under the FLSA because Defendant at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA.

10.     Plaintiff is not entitled to any recovery under the FLSA because any alleged acts or omissions were made by Defendant in good faith and in conformity with and reliance on applicable administrative regulation, order, ruling, approval or interpretation, or administrative practice or enforcement policy with respect to the class of employers to which Defendant belongs.

11.     Plaintiff is not entitled to recover back wages, interest, or costs on behalf of the employees listed in Exhibit A to the Complaint.

12.     Plaintiff is not entitled to injunctive relief.

13.     Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.


<u>JURY DEMAND</u>

Defendant requests a jury trial.


Respectfully submitted,


/s/ Michael J. Mueller
Michael J. Mueller *pro hac vice*
Evangeline C. Paschal *pro hac vice*
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
mmueller@huntonak.com
epaschal@huntonak.com

/s/ Daniel B. Huyett
Daniel B. Huyett
Pa. Attorney I.D. No. 21385

5

STEVENS & LEE, P.C.
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
Telephone:  (610) 478-2219
Facsimile:  (202) 988-0801
dbh@stevenslee.com

*Counsel for Defendant East Penn Manufacturing
Company*

**<u>CERTIFICATE OF SERVICE</u>**

     I, Evangeline C. Paschal, hereby certify that a true and correct copy of the foregoing

Answer was filed electronically and was made available for viewing and downloading via the

Court's CM/ECF system, and all counsel of record was served via the Court's CM/ECF system

notification.

Dated: May 21, 2018                    /s/ Evangeline C. Paschal
                                          Evangeline C. Paschal