IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>            Plaintiff,<br><br>v.<br><br>EAST PENN MANUFACTURING COMPANY,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 5:18-cv-01194<br>)<br>)<br>)<br>)<br>) |

FILED

NOV 13 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

**STIPULATION AND ORDER OF CONFIDENTIALITY**

To facilitate discovery, and in accordance with this Court's instructions at the hearing on September 28, 2018, on Defendant's Motion for Protective Orders, counsel for R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), and counsel for Defendant East Penn Manufacturing Company, Inc. ("Defendant"), enter into this Stipulation and Order of Confidentiality ("Stipulation and Order"). This Stipulation and Order is made with the understanding that Defendant has represented to the Court that certain documents or information expected to be subject to disclosure during the litigation of this matter qualify for treatment as confidential based on the factors set forth in *Pansy v. Borough of Stroudsberg*, 23 F.3d 772, 786 (3d Cir. 1994). In light of those representations, the Parties agree to the following procedure for the designation of materials as confidential, the resolution of any disputes as to the appropriateness of such designation, and the handling of confidential materials. Thus, IT IS HEREBY AGREED AND ORDERED:

1.     This Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only

to the information or items that are entitled to protection under the Federal Rules of Civil Procedure.

2.      The entering into this Stipulation and Order of Confidentiality shall not constitute an acknowledgment by the receiving (or non-Designating) party that material designated as "Confidential" is in fact confidential and such designation shall have no evidentiary value including, without limitation, any determination regarding the admissibility of the document so designated.  Such designation also shall have no precedential value in litigation other than this lawsuit.

3.      "Designating Party" shall mean a party to this action that designates documents, discovery materials, information, or items that it produces in disclosures or responses to discovery in this action as "Confidential."

4.      The Designating Party may designate as "Confidential," by marking with the word "CONFIDENTIAL," to the extent applicable, any document or information produced in discovery in this matter and which it, in good faith, believes qualifies for protection under Fed. R. Civ. P. 26(c)(1)(G) and meets the factors set forth in *Pansy*.  For other information produced in some form other than documentary, including the production of electronic files in native format that cannot be marked as "CONFIDENTIAL," and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the medium or container in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Designating Party shall make reasonable efforts to identify the protected portion(s).

5.     The Designating Party shall provide a brief written justification for the designation at the time such designation is made; such justification may be applied to a group of documents if appropriate.

6.     No document that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulation and Order.  Documents produced by any party prior to litigation and discovery, including but not limited to documents produced during Department of Labor's investigation of East Penn Manufacturing Co. (Case ID# 1784803), cannot be deemed or considered Confidential material under this Stipulation and Order.  To the extent that the same information contained in such documents is produced in a different format during this litigation, a party may designate the newly produced format as Confidential, but such designation cannot apply to the previously produced document.

7.     If a party intends to designate any deposition testimony as "CONFIDENTIAL," the Designating Party's counsel shall attempt to state such intention on the record during the portion(s) of the deposition in which the witness is examined about the subject area(s) that the Designating Party deems to be within the designation.  Failure to identify all confidential information during the deposition does not waive a party's right to classify information as "CONFIDENTIAL" after the written transcript becomes available.  The entire deposition transcript shall then be treated as confidential for a period of ten (10) business days from the date the court reporting service mails the transcript to counsel.  During this period counsel for the Designating Party shall designate precise portion(s) of the transcript specifying by page and/or

3

line(s) as "CONFIDENTIAL." If counsel for the Non-Designating Party agrees in writing to such designation, the portion(s) of the transcript so designated shall become subject to this Order and shall be sealed by the court reporter. If counsel for the Non-Designating Party objects, counsel shall follow the procedure for objections outlined in Paragraphs 8- 11.

8.    Any party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, so long as the Court has not already ruled that the designation is confidential, whether by order on a motion to seal or other Court order, and the party has not agreed in writing that the material will be treated as confidential.

9.    A party may challenge a designation of confidentiality by serving on the Designating Party a written objection to such designation. The Designating Party shall respond in writing to such objection within 10 business days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed void. If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

10.    If a dispute as to Confidential designation of a document, information, or testimony cannot be resolved by agreement, the Designating Party must timely file a motion for an order regarding the challenged designation. The burden of proving the need for confidentiality of designated information or documents remains with the Designating Party.

11.    Any information or material designated Confidential the designation of which is not in dispute, shall not be disclosed by any party to any person, except:

4

a)     Each party's counsel in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for the conduct in this action;

b)     Any individual who is a Party, as well as the officers, directors, employees, and consultants of any Party to whom disclosure is reasonably necessary for the conduct of this action;

c)     Any individual who is retained or is being considered as an expert of a party to whom disclosure is reasonably necessary for the conduct of this action; provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d)     The Court, court personnel and jurors;

e)     Any deponent or anticipated trial witness may be shown or examined on any information or document designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is or was employed by the party who produced the information, document or thing, or if the Designating Party consents to such disclosure; and

f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

12.     Any information or material designated Confidential the designation of which is being challenged shall not be disclosed by any party to any person except those identified in paragraph 11 until: (a) the parties or the Court resolve the dispute in favor of holding the

5

disputed material as not requiring confidentiality; or (b) until the designation is deemed void for failure to timely respond to the objecting party pursuant to paragraph 9.

13.     If the need arises during trial or at any hearing before the Court for any party to disclose Confidential information, the designation of which is settled by the parties or the Court, it may do so only after giving notice to the Designated Party and as directed by the Court.

14.     If Plaintiff contends that it is obligated by a duly issued subpoena or other legal requirement to disclose documents, information, or testimony designated as confidential to a third party other than a federal government or federal law enforcement agency, it will follow the procedures set forth in 29 C.F.R. § 70.26.

15.     Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order if the Designating Party consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other party and motion filed with the Court, receives approval of the Court.

16.     Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of attorney-client or other privileged or work-product protected information or documents, including but not limited to ESI, is not a waiver of the attorney-client or other privilege or work-product doctrine protection in this Action or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and any other applicable rules of evidence and/or privileges. The producing party must notify in writing the receiving party to whom the disclosure of privileged documents or information or work product was made that such disclosure or production was inadvertent. Upon notification, the receiving party must and will immediately return the inadvertently produced documents, and all copies thereof, to the producing party and delete or

6

destroy any copies. The receiving party shall take all reasonable steps to retrieve the information or document(s) if the party disclosed it before being notified of the inadvertent disclosure.

17.     Nothing herein shall be construed as the parties agreeing to the sealing of documents or information designated as Confidential. If the Designating Party seeks to have material designated as Confidential sealed pursuant to a federal statute or Local Rule of the Court that prescribes the sealing of certain specific documents, the Designating Party must file a motion to seal such designated material. Such motion to seal must be filed within two (2) business days after the material has been filed with the Court. The document or information must be designated as "confidential" on its face and must be treated as confidential by the parties until the Court rules on the motion to seal.

18.     This Stipulation and Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulation and Order is being entered without prejudice to the right of any party to move the Court for modification o for relief from any of its terms.

19.     This Stipulation and Order shall survive the termination of this action and shall remain in full force and effect unless modification by an Order of this Court or by the written stipulation of the parties filed with the Court.

20.     Nothing herein shall be construed to supersede or alter Plaintiff's recordkeeping and disclosure obligations under federal law, including but not limited to the Freedom of Information Act and the Federal Records Act, and the regulations at 29 C.FR.70.26, *et. seq.*

21.     The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by the Stipulation and Order or to modify this Stipulation and Order at any time in the interest of justice upon notice to the parties and an opportunity to be heard.

7

*/s/ Michael J. Mueller*
Michael J. Mueller *pro hac vice*
Evangeline C. Paschal *pro hac vice*
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
mmueller@huntonak.com
epaschal@huntonak.com

*/s/ Daniel B. Huyett*
Daniel B. Huyett
Pa. Attorney I.D. No. 21385
STEVENS & LEE, P.C.
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
Telephone: (610) 478-2219
Facsimile: (202) 988-0801
dbh@stevenslee.com

*Counsel for Defendant East Penn
Manufacturing Company*

Kate S. O'Scannlain
Solicitor of Labor

*/s/ Oscar L. Hampton III*
Oscar L. Hampton III
Regional Solicitor
MO ID# 36778
Office of the Solicitor
U.S. Department of Labor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
Hampton.Oscar@dol.gov
Phone: (215) 861-5120
Fax: (215) 861-5162

*/s/ Adam F. Welsh*
Adam F. Welsh
Regional Counsel for Wage and Hour
PA ID# 84988
Welsh.Adam@dol.gov
(215) 861-5159

*/s/ Jordana L. Greenwald*
Jordana L. Greenwald
Senior Trial Attorney
PA ID# 93836
Greenwald.Jordana@dol.gov
(215) 861-5129

Bertha M. Astorga
Trial Attorney
PA ID# 320644
Astorga.Bertha.M@dol.gov
(215) 861-5126

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

IT IS SO ORDERED,
Entered this 13th day of *November* 2018.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

8

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>EAST PENN MANUFACTURING COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 5:18-cv-01194<br>)<br>) AGREEMENT TO BE BOUND<br>) BY STIPULATION AND ORDER<br>) OF CONFIDENTIALITY<br>) |

I, _____, being duly sworn, state that:

1.     My address is _____.

2.     My present employer is _____ and the address of my present employment is _____.

3.     My present occupation or job description is _____.

4.     I have carefully read and understood the provisions of the Stipulation and Order of Confidentiality in this case signed by the Court, and I will comply with all provisions of the Stipulation and Order of Confidentiality.

5.     I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Order of Confidentiality any Confidential Material or any words, summaries, abstracts or indices of Confidential Information disclosed to me.

6.     I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.     No later than the final conclusion of the case, I will return all Confidential Material

and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                                  [Name]