## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| SECRETARY OF LABOR, UNITED | ) | |
| STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:18-cv-01194-GEKP |
| v. | ) | |
| | ) | |
| EAST PENN MANUFACTURING | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
## SECOND MOTION TO COMPEL

Defendant, East Penn Manufacturing Company, moves to compel production of redacted information in email correspondence from an Occupational Safety and Health Administration ("OSHA") employee to the Department of Labor's Wage and Hour Division dated February 2016, before the Division initiated the wage and hour investigation of East Penn's Lyon Station facility that led to this lawsuit.  Plaintiff has claimed the deliberative process and informant's privilege, as well as work product protection, for the redacted information.  While at this time East Penn does not challenge the withholding of any informant's name included in the email, neither the deliberative process privilege nor work product doctrine apply.  The emails forward a complaint that OSHA received regarding shower time at East Penn, which OSHA did not pursue, and the emails make clear that their author, and OSHA employee, did not know whether the Wage and Hour Division had any rules regarding pay for shower time.  The communication does not relate to litigation pending or anticipated in February 2016 and the author, by virtue of his job position and his own admission in the email, could not have been involved in any sort of

1

policy decision discussion involving wage and hour issues.   Accordingly, the redacted information should be produced.

## I.      FACTUAL BACKGROUND

The facts relating to production of the documents at issue, Bates labeled DOL-EPM-940-942 and DOL-EPM-000946-948, as well as the parties' efforts to confer regarding this document, are set forth in East Penn's accompanying Rule 26.1 Certification of Counsel.

The documents in question are email correspondence relating to a February 2016 complaint to OSHA by an East Penn employee at its S-1 plant at the Lyon Station facility.  At the time, East Penn paid employees at the S-1 plant five minutes for showering activities at the end of shift.  The employee complained that five minutes was insufficient. OSHA employee Tim Braun communicated by letter and telephone with East Penn regarding this complaint.   On February 25, 2016, East Penn submitted to OSHA its written response to the complaint, and Mr. Braun spoke with East Penn personnel after receiving the letter.   OSHA did not take further action on the complaint.  However, Mr. Braun did forward the complaint to DOL's Wage and Hour Division.  The email correspondence at issue comprises (i) Mr. Braun's initial email, dated February 18, 2016, forwarding the complaint to Wage and Hour official JoAnn Gregory; (ii) Mr. Braun's follow-up email to Ms. Gregory, dated February 19, 2016, and (iii) his subsequent email to Ms. Gregory dated February 26, 2016, in which he forwards East Penn's written response to the complaint and summarizes the conversation he had with East Penn personnel after receiving the response.

In the initial email, Mr. Braun states that OSHA had received a complaint regarding payment for shower time.  He noted that the issue was "not well covered by OSHA regulations" and that the complainant was told "that OSHA did not have much in the way of regulation that

addressed their concerns."  He also told Ms. Gregory that he was "not sure" if the complaint was of interest to her department (Wage and Hour Division), but that he wanted to forward the complaint "just in case."  Mr. Braun also writes that OSHA had contacted East Penn regarding the shower issue, but the remaining portion of this sentence is redacted.

In his follow-up email dated the next day, Mr. Braun states that he had referred the complainant to the Wage and Hour division "to find out if there were any rules that would apply to his situation."  In his subsequent email dated February 26, 2016, Mr. Braun describes his conversation with East Penn regarding the shower complaint, noting that East Penn both confirmed the 5-minute shower pay practice in S-1 and pointed out to Mr. Braun that OSHA "has not defined what is the appropriate amount of time to allow."  The next sentence is redacted.  Mr. Braun then states with respect to East Penn, "**They also want to be sure they are following the regulations.**"  (Emphasis added.) The next paragraph is redacted.  He then concludes, "Hopefully this is of some help."

The Wage and Hour division initiated an investigation of East Penn in March 2016.  It concluded that investigation with a closing conference held with East Penn management on March 20, 2018, and filed suit that same day.

## II.   DOL HAS IMPROPERLY REDACTED THE BRAUN EMAILS

### The Deliberative Process Privilege

This limited privilege must be narrowly construed, applying only to material that is both predecisional and deliberative.  *See Scott Paper Co. v. U.S.*, 943 F. Supp. 489, 496 (E.D. Pa. 1996).  It does not protect factual or investigative material, and its timing must reflect that the communication preceded the agency's final decision or position.  *See id.*  To ensure that the information withheld is limited to communications containing "confidential deliberation of law

or policy-making, reflecting opinions, recommendations, or advice," *Redland Soccer Club v. Dept. of Army*, 55 F.3d 827, 853 (3d Cir. 1996), the head of the department with control over the matter must personally consider the material at issue and (i) make a formal claim of privilege; (ii) support that claim with an affidavit from that official; and (iii) provide sufficient detail in the affidavit to evaluate the claim. *See Resident Advisory Bd. v. Rizzo*, 97 F.R.D. 749, 752-53 (E.D. Pa. 1983). This formal claim must occur when the privilege is asserted, *not* later in response to a motion to compel. *See Pacific Gas & Elec. Co. v. U.S.*, 70 Fed. Cl. 128 (Cl. Ct. 2006); *Anderson v. Marion County Sheriff's Dep't*, 220 F.R.D. 555, 562 n.5 (S.D. Ind. 2004); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

Here, DOL has not properly invoked the privilege, instead listing the privilege along with others on its privilege log. For that failure alone, Plaintiff has waived the privilege. *See Pacific Gas*, 70 Fed. Cl. at 136-37.[1] But even if allowed to present a post-hoc affidavit supporting its claim, DOL cannot demonstrate that the redacted information is predecisional and deliberative. To the extent the redacted portion of the emails presents additional factual information about East Penn or Mr. Braun's conversations with management, which is consistent with the nature of the unredacted portions of the emails, then for that reason alone the material is not deliberative. *See Scott Paper Co.*, 943 F. Supp. at 496. But even if the redacted information presents Mr. Braun's opinions, comments, or concerns, the privilege does not apply. As an OSHA employee, Mr. Braun has no role in Wage and Hour's decision-making processes or policy formulations, nor is it his role to opine on the applicability or interpretation of the Fair Labor Standards Act. His emails are unilateral; they are not responding to any sort of request from the Wage and Hour

---

[1] In its previous motion to compel, East Penn raised this argument regarding the timing and sufficiency requirements for a declaration invoking the deliberative process privilege. While the Court granted East Penn's motion in part (dkt. 52), the Court's order did not address this argument, and East Penn includes it in the instant motion to preserve it.

division.  Thus, from the face of the emails, it does not appear that Mr. Braun's opinion or analysis was being solicited by the Wage and Hour division.  Accordingly, the privilege does not apply.

### The Work Product Doctrine

This doctrine protects material prepared by an attorney acting for his client in anticipation of litigation by sheltering the attorney's mental processes from disclosure.  *See U.S. v. Rockwell Int'l*, 897 F.2d 1255, 126 (3d Cir. 1990).  The severability of facts from true work product is important, as the doctrine provides "only a relatively slight degree of protection for relevant facts contained within otherwise privileged material." *Rizzo*, 97 F.R.D. at 754.

Here, Mr. Braun could not have written his February 2016 correspondence in anticipation of litigation.  OSHA did not pursue the shower time complaint after receiving East Penn's written response (which Mr. Braun's email forwarded), so his correspondence cannot have been made in anticipation of litigation brought by OSHA.  Indeed, he admits that OSHA regulations do not address the issue raised by the complaint.  As noted above, Mr. Braun's correspondence does not appear to have been sought out by anyone in the Wage and Hour Division, much less anyone in the Solicitor's Office.  Further, at the time of his emails, Wage and Hour had not yet decided to investigate East Penn, much less initiate litigation, and Mr. Braun makes clear that he is not sure if the issue is even one that would be of interest to the Wage and Hour Division.  Thus, Mr. Braun's emails are not work product.

## III.    CONCLUSION

For the foregoing reasons, East Penn respectfully requests production of unredacted versions of the February 2016 email correspondence from Mr. Braun after in camera inspection.

Respectfully submitted,


/s/ Michael J. Mueller
Michael J. Mueller *pro hac vice*
Evangeline C. Paschal *pro hac vice*
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
mmueller@huntonak.com
epaschal@huntonak.com

/s/ Daniel B. Huyett
Daniel B. Huyett
Pa. Attorney I.D. No. 21385
STEVENS & LEE, P.C.
111 North Sixth Street
P.O. Box 679
Reading, PA 19603-0679
Telephone:  (610) 478-2219
Facsimile:  (202) 988-0801
dbh@stevenslee.com

*Counsel for Defendant East Penn Manufacturing Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Evangeline C. Paschal, hereby certify that a true and correct copy of the foregoing Second Motion Compel and supporting Rule 26.1 Certification, Memorandum in Support, and Proposed Order were filed electronically and was made available for viewing and downloading via the Court's CM/ECF system, and all counsel of record was served via the Court's CM/ECF system notification.

Dated: April 5, 2019                                        /s/ Evangeline C. Paschal
                                                                       Evangeline C. Paschal