~~Gateau~~ Flanagan

Mr. J. R. Filachek, Esq.
Michael, Spohn, Best & Friedrich
110 West Wisconsin Avenue
Milwaukee 2, Wisconsin

April 20, 1956

Dear Mr. Filachek:

This is in reply to your letters of February 21 and 28, 1956, in which you pose certain questions relative to the compensability for clothes changing and wash-up time under the Fair Labor Standards Act.

Your specific questions are as follows:

(1) If practically all employees who change clothes in the morning, wash up before lunch and/or shower and change clothes in the afternoon perform those functions in five, three and sixteen minutes, respectively, and assuming that their work is such that the Steiner decision applies, would it be appropriate for the employer to use sums of ~~sixteen~~ five, three and sixteen minutes [handwritten] as determinative of the "time worked" (for overtime and minimum wage purposes) by all employees who perform these functions without keeping any more accurate or detailed records?

(2) If such a standard allowance is permissible, would the employer be permitted in the case of an incentive employee to translate the allowance into and incentive rate to fit within the incentive compensation plan?

(3) If the employer may set up a standard allowance for clothes changing, noon washing and showering may it agree with the employees upon a different rate than for production work so long as the different rate meets both minimum and overtime standards under the Act?

(4) If an employee is on an incentive basis and a rate is established for his incentive work which rate includes a reasonable allowance for showering, clothes changing etc., and the employee receives this incentive rate for his production during his production hours and thereafter showers, changes clothes, etc., receiving no additional pay for these functions (except for the allowance in his

incentive rate) is this manner of payment for showering, clothes changing, etc., satisfactory if the minimum and half time for overtime requirements for the law are met? Thus, if during production hours such employee earns $80.00 for 40 hours of production on the incentive basis, which $80.00 includes an allowance for showering, clothes changing, etc., and the employee has spent (either actually or by a reasonable allowance) 2 additional hours in showering, etc., during the week, could the total time that he has "worked" or 42 hours be teated as having been paid for an straight-time basis by his incentive pay so that he would be required to be paid only and additional half time for the 2 hours over 40, at the rate of $\frac{40}{42}$

In answer to Question No. 1, we are of the opinion that an employer may set up a formula by which the employees are allowed given amounts of time to perform clothes changing and wash-up activities provided the time set is reasonable in relation to the actual time required to perform such activities. In considering what amount of time would be reasonable for such activietes, we believe if a majority of the employees usually perform the activities in the time allowed that it would be considered reasonable.

No new principle

Regarding Qeustion No. 2, it is our opinion that where an employee is employed on a piece-rate basis, the employer may take the employee's average piece-rate earnings as a basis for cooperation of non-productive hours worked.

778.19
778.20

You are correct in your understanding in Question No. 3 that an employer may compensate an employee at different rates for different functions provided they are in conformity with Section 7(f) of the Act. There is no prohibition against an employer compensating employees at a different rate for non-productive hours so long as it is done pursuant to a prior agreement and the requirements of Sections 6 and 7 of the Act are set. The agreement must be a permanent agreement. In other words, an employer could not in a given week compensate the employees pursuant to an agreement established a different rate in non-productive hours and in the next week compensate his pursuant to his productive hourly rate, depending upon with method would result in the lesser payment to the employee.

778.12

With respect to Question No. 4, the method of compensation seems to be in compliance with the provisions of the Act (that is, the total amount received for piece work is divided by the total number of hours worked to get the average hourly rate plus an additional half-time for hours worked in excess of 40). I am of the opinion that, therefore, payment as described meets the requirements of the minimum wage and overtime provisions of the Act.

Very truly yours,
/s/ C. T. Lundquist

Deputy Administrator

SOL:WOMcDaniel(429)mg
4116 4/13/56