

# How to Keep TIME and PAY RECORDS

## under the FAIR LABOR STANDARDS ACT

DOL-FOIA-00000017

What records are required

How should the records be kept?



How long should the records be retained?

Here are the answers........

# HIGHLIGHTS OF THE FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act sets minimum wage, overtime pay, equal pay, and child labor standards for employment subject to its provisions.

### *Coverage and Exemptions*

The Act covers every employee engaged in interstate or foreign commerce or in the production of goods for such commerce, and all employees in certain enterprises.

The Act provides exemptions from its standards for employees in certain types of employment.

### *Wage and Hour Standards*

Unless exempt, a covered employee must be paid a minimum wage and not less than one and one-half times his regular rate of pay for his overtime work. The minimum wage and maximum hours standards are different for different types of employment.

### *Equal Pay Standard*

The employer having employees subject to the minimum wage requirements of the Act may not discriminate on the basis of sex by paying employees of one sex wages at rates lower than he pays employees of the other sex for doing equal work on jobs requiring equal skill, effort, and responsibility which are performed under similar working conditions.

### *Child Labor Standards*

The basic minimum age for employment is 16 except for occupations declared hazardous by the Secretary of Labor, to which an 18-year minimum age applies. Minors 14 and 15 years of age may be employed under certain conditions. There are special provisions limit-

ing employment of young persons in agriculture, and permitting employment as actors or performers and in the delivery of newspapers to consumers. Where both Federal and State child labor laws apply, the higher standard must be observed.

### *Enforcement*

Failure to pay the statutory minimum wage and overtime compensation results in cumulative back wage liabilities. Unpaid wages may be restored under the supervision of the Secretary of Labor or recovered through court action brought by the Secretary or the employees. Serious violations of the law may result in civil or criminal action. Records required by the law must be available for inspection by representatives of the Division.

### *Posting*

The official poster outlining the provisions of the Fair Labor Standards Act must be displayed by employers so as to permit employees to see it on their way to or from their place of employment. Posters are available without charge from any office of the WH Division.



## WHAT RECORDS ARE REQUIRED?

Every employer must keep certain records about each worker who is entitled to a minimum wage and overtime pay under the Fair Labor Standards Act. The law requires no particular form for the records. All it requires is that the records include certain *identifying information* about the employee and data about the *hours* he works and the *wages* he earns. And, the law says, the information must be *accurate*.

Here is a breakdown of the basic information that must be recorded:

### *Identifying Information:*
1. Employee's full name.
2. Address.
3. Birth date, if under 19 years of age.
4. Sex and occupation in which employed.

### *Hours:*
1. Time of day and day of week when employee's workweek begins.
2. Hours worked each day.
3. Total hours worked each workweek.

### *Wages:*
1. Basis on which wages are paid (such as "$2.50 an hour," $110 a week," "piece-work").
2. Regular hourly pay rate for any week when overtime is worked.
3. Amount and nature of each payment excluded from the "regular rate."
4. Total daily or weekly straight-time earnings.

DOL-FOIA-00000019

5. Total overtime earnings for the workweek.
6. All additions to or deductions from the employee's wages for each pay period.
7. Total wages paid each pay period.
8. Dates of payment and of the pay period covered by the payment.

At first glance, this may seem like a lot of information to keep track of. But most of the information required by law would be kept by any company that observes good business practices.

Records with somewhat different and, in some cases, with more limited information are required for workers with uncommon pay arrangements, homeworkers, certain hospital employees, tipped employees, employees who are paid with board, lodging, or other facilities, and those who are exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act. For information on records required for these workers, consult the nearest office of the U.S. Department of Labor's Wage and Hour Division. Copies of Regulations, Part 516, on recordkeeping may be obtained there or by writing to the Administrator, Wage and Hour Division, Employment Standards Administration, Department of Labor, Washington, D.C. 20210.

## WHAT ABOUT TIMEKEEPING?

The employer must keep track of the hours worked each day and workweek by every employee entitled to the minimum wage. This is true whether or not the worker also is subject to the law's overtime requirements. It is also true regardless of whether the worker is paid by the piece, the hour, week, month, tips, commissions, or on any other basis.

The employer may use any timekeeping method he wants. He may use a timeclock, or have a timekeeper keep track of hours for all workers, or tell the workers to write their own time on the records, or use any other method that suits his needs.

*In other words, any timekeeping plan is O.K.—as long as it is complete and accurate.*

If you use a *timeclock*, the number of work hours credited every day and every workweek must be recorded. These figures may be kept on the timecard itself or on another record.

*Here's a sample form you may—but are not required—to follow:*

| Day | Date | In | Out | Total hours |
|---|---|---|---|---|
| Sunday | Apr. 6 | | | |
| Monday | Apr. 7 | 8:00<br>1:03 | 12:02<br>5:03 | 8 |
| Tuesday | Apr. 8 | 7:57<br>1:00 | 11:58<br>5:00 | 8 |
| Wednesday | Apr. 9 | 8:02<br>1:08 | 12:10<br>5:05 | 8 |
| Thursday | Apr. 10 | 7:58<br>12:59 | 12:00<br>5:01 | 8 |
| Friday | Apr. 11 | 7:58<br>12:34 | 11:35<br>5:02 | 8 |
| Saturday | Apr. 12 | 8:00 | 12:01 | 4 |
| | | | Total | 44 |



Sometimes workers will be credited with more or fewer hours of work than the time punches show. When there's a discrepancy of more than a few minutes, a brief note should be made on the timecard to explain the difference. This will avoid disputes about the time actually worked.

When the worker is credited with fewer work hours than the time punches indicate, explanatory notes may say: "Stayed late for personal reasons," or "Punched in early but started work at 8:00." Similarly, when the worker gets credit for more work hours than the punches show, the explanation may be: "Excused for 3 hours jury duty," or "Machine breakdown." Of course, these explanations are only examples of reasons for discrepancies. There may be differences between hours punched and hours credited for many other reasons.

Explanations of such discrepancies also should be noted on the records in plants where methods of timekeeping other than timeclocks are used. In your plant, the worker himself may enter starting and stopping times on timeslips or in a timebook, or a timekeeper may fill in the working hours. If so, the differences between "in" and "out" times and hours credited should be explained just the same.

## WHAT IF THE PAY PERIOD IS LONGER THAN A WEEK?

In some plants, the worker is paid every 2 weeks, twice a month, once a month, or for some other period that doesn't coincide with 1 workweek. As far as the law is concerned, workers don't have to be paid weekly.

But, because of the law's pay provisions, the employer must keep track of the total hours worked each workweek. That is why it is important that the employer *decide the time and day of the week when the worker's workweek starts*.

A workweek is a regularly recurring period of 168 hours in the form of seven consecutive 24-hour periods. The workweek need not coincide with the calendar week—it may begin any day of the week and any hour of the day. Coverage and the application of most exemptions are determined on a workweek basis.

| Pay Period Ending October 15, 19— ||||
|---|---|---|---|
| Date | Day | Hours Worked | Total |
| 1 | Saturday | 4 | 4 |
| 2 | Sunday | | |
| 3 | Monday | 8 | |
| 4 | Tuesday | 8 | |
| 5 | Wednesday | 8 | |
| 6 | Thursday | 8 | |
| 7 | Friday | 9 | |
| 8 | Saturday | 4 | 45 |
| 9 | Sunday | | |
| 10 | Monday | 8 | |
| 11 | Tuesday | 9 | |
| 12 | Wednesday | 9 | |
| 13 | Thursday | 8 | |
| 14 | Friday | 8 | |
| 15 | Saturday | 4 | 46 |

*Remember, this is only a sample. It might be a useful form to follow, but it is not required.*

Note that in the third column ("Hours Worked") the total of work-credits for each day is listed. The fourth column ("Total") lists total hours worked for the workweek, when the whole workweek falls within the pay period. Also, it lists total work-hour cred-

DOL-FOIA-00000021

its for that part of the workweek that falls within the pay period—in this example, 4 hours' credit for work on Saturday, October 1.

|    |    |    |    |    |    |    |
|----|----|----|----|----|----|----|
| 5  | 6  | 7  | 8  | 9  | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |    |

Remember, you must keep track of work hours on a *weekly* basis, even when the workweek and the pay period don't coincide. It is easier to keep track of the total hours worked each week if your records clearly separate the number of hours worked each week.

## Office Employees

Many employees, for example office employees, are on a fixed working schedule from which they seldom vary. In these cases, the employer may keep a record showing the exact schedule of daily and weekly work hours that the worker is expected to follow and merely indicate that he did follow the schedule. When the worker is on the job for a longer or shorter time than the schedule shows, the employer should record the exact number of hours the worker actually worked.

## HOW LONG SHOULD RECORDS BE RETAINED?



Keep all records containing the information required by the Division's regulations for 3 YEARS.

Keep all records on which wage and hour computations are based for 2 YEARS. Records that must be kept for 2 years are employment and earnings records such as timecards and piecework tickets, wage-rate tables, work-time schedules, and records of additions to and deductions from wages. Other records which must be kept for 2 years are order, shipping, and billing records; also records which the employer makes which explain the basis for payment of any wage differential to employees of the opposite sex in the same establishment.



All of these records always should be open for inspection by the Division's representatives, who may request the employer to make extensions, recomputations, or transcriptions. Microfilm copies of records may be kept if the employer is willing to provide facilities for viewing them. The records may be kept at the place of employment or in a central records office.

Complete information about the Fair Labor Standards Act is available at the nearest office of the United States Labor Department's Wage and Hour Division. Offices are listed in the telephone directory under the U.S. Department of Labor in the U.S. Government listing.

9

☆ U.S. GOVERNMENT PRINTING OFFICE : 1973—O-506-546