*Subject*

Jan 28, 1974

This is in reply to your letter of November 15, 1973, requesting an opinion on whether time spent in clothes changing on the employer's premises each day before and after the employees work shifts would be regarded as compensable working time under the Fair Labor Standards Act.

As you know, this same matter was addressed in an opinion letter dated July 12, 1973 (copy enclosed). Your letter of November 15th raises certain issues which you believe would alter the opinion given in our July 12th letter. These issues are briefly restated below with our replies.

1. The work rules prescribed on pages 9 and 10 of the <u>Employee Handbook</u>, 1972 edition, require the wearing of uniforms by all employees. It is stated on page 9 that "All employees wear standardized attire at work. The company will obtain the clothing and will share the cost of rental and laundry service with the employees on a 50% (company) and 50% (employee) basis." Page 10 continues: "The products made in this mill must be made under sanitary conditions. Therefore, all employees must maintain a high level of personal cleanliness and present themselves in a neat manner to other employees and to those visiting the mill. The following work rules apply: 1. Wear the standardized work clothes as issued. 2. Furnished clothing is not to be worn outside the mill." Additional guidance to employees is given in an informational company handout entitled <u>Laundry Fact Sheet</u>: "Who must wear standard work attire . . . All mill employees in manufacturing, converting and supporting service operations. Work attire is optional for salaried employees whose job frequently requires them to be in operating areas." *** "How many changes per week must an employee have . . . The minimum number is three (3) per five (5) day workweek. Four or five changes is optional." *** "Can garments be worn away from the mill . . . Regulations prohibit work attire being removed from the mill. The only exception to this rule is when an employee's work requires him to leave the mill proper for a temporary period during his assigned shift."

80

DOL-FOIA-00000444

2

You state that these provisions, which are enunciated by the company to its employees, are not rules of the employer but reflect a condition imposed upon the employer and employees by the uniform supply and laundry service. The supply service would increase the total charge for its uniforms if they were worn outside the mill and the cost to employees and the employer would increase under the present cost sharing arrangements.

As indicated in 29 CFR 785.24, clothes changing time must be counted as hours worked if it is required <u>by the rules of the employer</u>. The sole question is whether the statements quoted above constitute the <u>rules of the employer</u> within the intent of this section of the CFR. A rule is defined as "an established standard, guide, or regulation; a principle or regulation set up by authority, prescribing or directing action or forbearance; as the rules of a legislative body, a company . . . ." <u>Black's Law Dictionary</u>, Fourth Edition. Under this definition, the quoted statements from the <u>Employee Handbook</u> and <u>Laundry Fact Sheet</u> clearly constitute rules of the employer.

We can find no support for the concept you advance that the underlying reasons for these quoted policies (especially, the employer's dealings with the uniform supply company) are determinative as to whether they would, in fact, constitute company rules. There were undoubtedly sound reasons from a management standpoint which led to the adoption of each of these quoted rules. None of these reasons, however, serve to diminish the fact that the employees are required to follow specific standards set by the employer. The employer cannot shift the responsibility for imposition of a rule to any third party. It is the duty of management to meet the requirements of the Act since it, and not the uniform supply service, is the employer of the employees, and it is the company that is responsible for compliance with its provisions.

We reiterate our finding, therefore, that the employer has ruled that all employees in the stated departments must be dressed in uniforms which they are not permitted to wear when leaving the premises, and that under company rules the employees must change clothes on the premises at the beginning and end of their work shifts.

2. You quote from <u>Hours Worked Under the Fair Labor Standards Act</u>, WH Publication No. 1344 (Rev), January 1973, in support of your position that changing clothes in this case is merely a convenience to the employee rather than an integral part of the principal activity.

As indicated on page 15 of Publication No. 1344, that publication is for general information and is not to be considered in the same light as official statements of position formally adopted and published in the Federal Register. Publication No. 1344 was intended to give only some general answers applicable in situations which occur frequently. Accordingly, that informal pamphlet does not by any means contain the full content of our official position on clothes changing as stated in 29 CFR 785.

3. You state that the clothes changing time in question is but four minutes per day and is de minimus. Our reply to this is given in the second and third paragraphs on page 2 of our July 12th letter. As we said there, the duration of the clothes changing time will need to be resolved in concluding our investigation of this matter. After the in-plant phase of the investigation is concluded, there will be an opportunity for you to represent your client's interests in a conference in which the findings will be discussed.

4. You believe that clothes changing time is excluded from hours worked even where the agreement to exclude it is not a collective bargaining agreement. You cite the Steiner v. Mitchell decision.

Our prior letter, which takes a contrary position, is based on section 3(o) of the Act and 29 CFR 785.2. The footnote to the language you quote from the Steiner v. Mitchell decision makes it clear that the Supreme Court was referring to a collective bargaining agreement. See footnote number 7 of that decision, which is clearly keyed to the quoted language. Also see Hoover v. Wyandotte Chemicals Corp., 5th Cir. 1972, 445 F2d 387, 20 WH Cases 458, cert. denied 405 U. S. 847, 20 WH Cases 920, which also involved the application of section 3(o) of the Act.

We have given the points which concern you careful consideration and have consulted with the staff of the Solicitor of Labor. Our conclusion is that our opinion letter of July 12, 1973, properly stated the application of the Act in this case.

Sincerely,

Warren D. Landis
Acting Administrator
Wage and Hour Division

DOL-FOIA-00000446