**FLSA-1122**

June 27, 1983

This is in reply to your letters of May 12 and June 9, 1983. You ask on behalf of a client, whether their proposed time clock method will comply with the recordkeeping requirements of the Fair Labor Standards Act (FLSA), contained in 29 CFR Part 516 and whether this employer's practices concerning uniforms and uniform changing are in compliance with the FLSA.

You state your client operates a number of hotels, with various eating and drinking facilities in each, in several midwestern states. You state employees may work in different operations at different times, and may move from one hotel to another. Currently, employee work hours are reported weekly, and payroll is handled centrally for the several diversely located hotels. Your client is currently experiencing a number of problems, both in its internal labor cost controls and in making certain that its payroll practices are in compliance with the FLSA. Accordingly, your client would like more specific, detailed, records of hours worked by employees of the various hotels and in the various profit centers within the hotels, so as to enable more accurate accounting of labor costs. The employer would like to implement a time clock system so that employees are paid for all hours worked with substantial accuracy and with minimal chance for human error. Your client believes that a mechanical time clock system with one time clock location per hotel, would alleviate much of the potential for inaccurate reporting of hours worked. The time clock will be located at the security entrance, the only employee entrance.

You ask us to confirm your understanding that the following two principal features of the system will not result in violation of the FLSA. The system includes a feature which would allow employees, entirely at their own option, to punch in early, or out late. Employees would be allowed to punch in up to 15 minutes in advance of their scheduled starting time, up to 7 minutes in advance of the end of their 30-minute lunch breaks, and up to 12 minutes after the end of their scheduled shift. You believe these early and late punches are within the provision contained in Section 785.46(a) of 29 CFR Part 785. You wish to emphasize that any such early or late punching would be entirely voluntary on the part of employees.

Employees would be so informed both at the time of hiring and by means of multilingual signs posted at the time clock. You state your client realizes that it is management's responsibility to ensure that no work is performed during the period between punching in and the start of the scheduled work time and between the end of the shift and punching out. If any work is performed during such time, the system has an editing capacity, such that management will "override" the scheduled working hours and record actual time worked. Your client accepts the responsibility to correct the records to ensure accurate reporting for the time worked outside of scheduled hours of work. Whenever an employee is called in to work in advance of the 15 minute grace period before scheduled working hours the system must be edited for the employee to be able to utilize the time

81

DOL-FOIA-00000090

clock. In these, instances, management must override the scheduled starting and stopping time, as the time clock will not accept an attempt to punch in or out absent such override.

The second feature of the time clock system which you present for our consideration is how time is rounded to the nearest tenth of an hour. The rounding feature is based on pairs of punches (in and out), and applies to all such punches, whether scheduled or by virtue of management override through the system's editing capacities. Employees would be paid for each tenth of an hour in which they work at least 5 minutes. For example, disregarding meal periods, if an employee punched in at 7:00 a.m. and out at 3:04 p.m. (s)he would be credited with 8 hours of work. If the employee instead had punched out at 3:05 p.m. (s)he would be credited with 8.1 hours of work. In support of your belief that this rounding feature has a potential for "over compensation" you point out that the system does not reduce hours worked for breaks of 23 minutes or less. Thus, it is your contention that any technically uncompensated time due to rounding down of hours is likely to be more than balanced out by such periods. Further, you believe any inaccuracies in the record of hours worked will be due to the employees' actions and within the employees' control. You state that on a practical level, employees will tend to take advantage of rounding up (by punching out early) far more frequently than punching out late. Finally, you are of the opinion that any inaccuracies resulting from the features described are well within the de minimis guidelines established by the courts.

Based on information presented above, you ask whether the 15-minute early punch in, the 7-minute early lunch punch in, the 12-minute late punch out and rounding features of your client's system would be in compliance with the FLSA recordkeeping requirements.

As explained in Section 516.1(a) of Part 516, "no particular order or form of records is required by the regulations. In this regard, an employer, while required to keep accurate records of employees' hours of work, is not required to use a time clock to do so. As you are aware, Section 785.48 of Part 785 discusses how time records may be kept when a time clock is used to record employee work hours.

In recording compensable working time under the FLSA, insubstantial or insignificant periods of time beyond the scheduled working hours which cannot as a practical matter be precisely recorded for payroll purposes may be disregarded. In this connection, it is the Department's position not to question a practice of rounding the employees' starting time and stopping time to the nearest five minutes or to the nearest one-tenth or quarter of an hour if this arrangement averages out so that, over a period of time, employees are fully compensated for all the time they actually work.

Accordingly, it is our opinion that your client's proposed time clock system for recording employee hours of work satisfies the recordkeeping requirements of the FLSA provided, that any time before and after the designated work shift an employee is suffered or permitted to work is properly recorded as compensable work hours, regardless if such time occurs within or without the voluntary early and late punch parameters.

With regard to your client's practices concerning uniforms and uniform changing, you state that employees of your client have uniform requirements which vary depending on the job performed. In general, employees are not required to change into and out of uniforms on the employer's premises. Employees may wear uniforms off the employer's premises. Lockers and changing rooms are provided for employees who wish to change immediately before and after work, entirely at the employee's option and for the employee's convenience. You state that the majority of employees do not change on the premises, but prefer to change at home.

There is no collective bargaining agreement in effect in any of the involved establishments. Uniform purchase reimbursement and uniform maintenance are paid where required by Federal or State law. You state the uniforms are not integral to the employees' principal activities. While the uniforms vary greatly in design, none, however, are of a protective nature. There is no custom or practice of your client of compensating time spent in changing clothing. You state the employees do not expect to be paid for this time, nor have any requested payment for such time. It is your belief that this time spent in changing clothes, whether at home or on the employer's premises is not compensable under the FLSA nor compensable by the provisions of the Portal-to-Portal Act.

You point out that certain employees, however, are not permitted to wear their uniforms off the premises. These employees change into uniform after entering the hotels. This time, usually totaling about 10 or 15 minutes at the beginning and end of a shift, is currently treated as compensable time by the employer. (This amount of time so spent is not set up by the employer, rather, it is considered part of the workshift, so that all time spent changing will take place after "punching in" at the beginning of a shift and before punching out so that these employees will continue to be compensated for their time.)

In most instances, of course, time spent changing into work clothes is not considered compensable, since the clothes are considered to be furnished for the convenience of the employee. As indicated in Section 785.25 of Part 785, if an employee cannot perform the principal activities without putting on certain clothing or showering, changing clothes or showering on the employer's premises at the beginning and end of the workday would be an integral part of the employee's principal activity and compensable. Such time, however, may be excluded from hours worked by the express terms or practices under a bona fide collective bargaining agreement applicable to the particular employee.

On the other hand, if changing clothes is merely a convenience to the employee and not directly related to the principal activities, then such time would not be considered compensable. Likewise activities such as checking in and out, waiting in line to do so and walking to the work station are not primarily required as integral parts of the principal activities and are also not considered as compensable.

As you point out, it is our position that clothes changing before going to work and any changing which occurs at one's home at the end of that day is not an integral part of the employee's employment and is not compensable working time. Further, since it may be extremely difficult for your client to determine who changed clothes at home and who did

not, we do not believe it appropriate to require such a distinction to be made. Therefore, because of the particular facts involved we do not believe that the clothes changing time spent by employees on the employer's premises is compensable work. This position does not affect the compensability of time spent by the one class of workers who are currently being compensated for clothes changing time on the employer's premises.

We trust the above is responsive to your inquiry.

Sincerely,

James L. Valin
Assistant Administrator
Wage and Hour Division

William M. Otter
Administrator