**FLSA-671**

July 15, 1983

This is in response to your recent inquiry as to the legality under the Fair Labor Standards Act (FLSA) of certain practices in paying commissions to automobile salespersons. You also ask whether it is essential to use time clocks in recording hours worked.

The FLSA is the Federal law of most general application concerning wages and hours of work. This law requires that all covered and nonexempt employees be paid at least a minimum wage of $3.35 an hour for all hours worked and overtime pay of one and one-half times their regular rates of pay for all hours worked over 40 in a workweek. Its major provisions are highlighted in the enclosed Handy Reference Guide.

Section 13(b)(10)(A) of the FLSA exempts from its overtime pay requirements any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if (s)he is employed by a non-manufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.

You ask whether an employer of automobile salesmen who are remunerated on a commission basis is required to pay a "draw" based on the minimum wage for the total number of hours worked during a pay period-in your experience, a month. There is no requirement that wages be paid weekly, as long as some regular pay period (such as biweekly or monthly) is established. The only requirement is that the employee receive "prompt payment" of the minimum wage covering all hours worked during the pay period. Thus, with respect to automobile salespersons exempt from the overtime pay requirements, where the employer has in fact established a settlement period, draws against commission earnings within the settlement period <u>need not be</u> at the minimum wage rate. The employer may credit this draw or guarantee as an advance against commissions when settling out the amount due the employee on the settlement date, <u>as long as such settlement results in payment of the minimum wage</u> for all hours comprising the settlement period.

You also inquire whether the firm may properly "carry over the draw from month to month, then deduct it when the salespersons had a good month." Where an employer has fulfilled the requirement of paying the minimum wage in a pay period in which the employee has earned less than that amount in commissions, the difference between what the employee earned in commissions, and the minimum wage may be deducted from any commissions earned in a subsequent pay period which are in excess of the minimum wage required to be paid for the hours worked in that pay period.

Conversely, where an employee <u>earns</u> (but is not paid) commissions in excess of the minimum wage in a pay period, the employer may carry over such excess <u>earned</u> commissions (which have not yet been paid) to a succeeding pay period. However, once

82

DOL-FOIA-00000094

commissions are paid, they may not be carried forward to satisfy minimum wages due an employee in a subsequent pay period.

Time clocks are a good means of recording work hours, but they are not required. Any method of keeping time records is acceptable as long as it is accurate and shows all hours worked. Pages 6 and 7 of the enclosed WH Publication 1199 on A Look At Hours Worked under the FLSA should provide further clarification.

If you have any additional questions, you may wish to contact our Area Office at 316 East Morehead Street, Room 401, Charlotte, North Carolina 28202 (telephone: (704) 371-6120). The staff in that office will be pleased to cooperate with you in any way possible.

Sincerely,


Stephanie R. Glyder, Chief
Branch of Coverage and Exemptions

Enclosures

DOL-FOIA-00000095