## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH,** | : | |
| *Secretary of Labor,* | : | |
| | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| **EAST PENN MANUFACTURING** | : | |
| **CO., INC.,** | : | **No. 18-1194** |
| *Defendant* | : | |

### MEMORANDUM

PRATTER, J.                                                                                      APRIL ⟋⟍ , 2021

The Secretary of Labor initiated this action against East Penn Manufacturing Co., Inc., alleging that East Penn has failed to compensate employees for time spent changing into and out of uniforms and personal protective equipment and showering at the end of a work shift.[1]  As part of its discovery requests, the Secretary requested East Penn provide the names and contact information for East Penn employees who work in Pennsylvania.  Because East Penn has not supplemented its production in nearly two and a half years, the Secretary now moves to compel that information.  For the reasons that follow, the Court grants the Secretary's motion.

### BACKGROUND

As part of its initial production in July 2018, East Penn provided the Secretary with a then-current list of employees.[2]  During discovery, the parties met and conferred as to the scope of employees in the complaint.  The Secretary represents that East Penn asked to supplement its discovery responses periodically, rather than piecemeal supplementation for each new employee

---

[1]      Because the Court writes for the benefit of the parties, it discusses only the facts that are pertinent to the Secretary's motion to compel.

[2]      The Court addresses the three summary judgment motions and related motions to strike in a separate memorandum that is forthcoming.

or new contact information.  The parties have since concluded an extensive discovery period, including expert reports, during which time East Penn did not supplement its production.  The parties now have each moved for summary judgment.  In December 2020, the Secretary requested an updated spreadsheet of employee names and contact information.  Doc. No. 252-1 at 2.  East Penn has not supplemented that spreadsheet listing names and contact information for its employees since July 2018 and has refused to do so despite the Secretary's requests.

### LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is both relevant and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The party moving to compel discovery under Rule 37 bears the initial burden of demonstrating the relevance of the requested information.  *First Niagara Risk Mgmt., Inc. v. Folino*, 317 F.R.D. 23, 25 (E.D. Pa. 2016).  If this initial showing is made, the resisting party can oppose by showing that the material requested is not relevant under Rule 26 or that the burdens of production outweigh the "ordinary presumption" in favor of disclosure.  *Id.*

Relevant here, Rule 26(e) requires counsel to supplement "disclosure[s] under Rule 26(a)" as well as responses to interrogatories, requests for production, or requests for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."  Fed. R. Civ. P. 26(e)(1)(A).  That same rule also requires a party to supplement its disclosures or responses as ordered by the Court.  Fed. R. Civ. P. 26(e)(1)(B).

2

## DISCUSSION

The Secretary correctly points out East Penn's continuing obligation to supplement its discovery responses pursuant to Rule 26(e) when the original production is either incomplete or needs correcting.[3] East Penn does not dispute that it has not supplemented its list of employees since July 2018. It has refused to update the list now on the grounds that the request is burdensome because it involves records for over 10,000 employees and is untimely because it was made a year after discovery closed while summary judgment motions are pending. East Penn has also refused to supplement the list on the speculative basis that it might not need to following the Court's decision on one of its summary judgment motions.

To be clear, East Penn's refusal has more to do with when it would be convenient for it to supplement the list. But Rule 26(e) does not give East Penn permission to supplement its prior discovery production—it expressly imposes a duty to do so on the producing party.

First, the Court rejects East Penn's argument that the request is burdensome. The Court expresses no view—at this time—as to whether some of the employees included in the supplemented production will or will not be part of an eligible recovery class. But East Penn, presumably, maintains all personnel information in a database. It previously collated that information when it made its July 2018 production. Second, East Penn's duty to supplement "continues past the discovery deadline and up to the time of trial." *Fair Isaac Corp. v. Fed. Ins. Co.*, 337 F.R.D. 413, 419 (D. Minn. 2021) (collecting cases). So, the Court cannot accept East

---

[3] Relatedly, the Secretary filed a notice to revise Schedule A to the Complaint. Doc. No. 250. Schedule A lists the employees identified during this litigation as allegedly due back wages. The revised version adds roughly 2,300 claimants. It does not alter the allegations in the Complaint itself. East Penn has moved to strike this notice. The Court considers East Penn's motion together with the motions for summary judgment.

Penn's position that the Secretary's request is untimely on the basis that the parties await a decision on their summary judgment motions.

The Secretary is also not seeking discovery in order to assert new causes of action. So, *Kuhns v. City of Allentown*, on which East Penn relies, is not on all fours with the situation here. No. CIV.A. 08-2606, 2010 WL 4236873 (E.D. Pa. Oct. 26, 2010) ("Courts have denied motions to compel additional or supplemental discovery where the express or deemed purpose of such discovery is to search for new misconduct, or for evidence not material to the underlying complaint."). This case involves allegations that East Penn's time-keeping practices systematically underpaid its employees. Doc. No. 80 n.2. Moreover, the Court has acknowledged that the complaint "provides for the possibility that other employees may have been affected by [East Penn's] practices" but were not included in Schedule A. *Id.* The Secretary's motion does not purport to root out new causes of action. Instead, it seeks to identify all allegedly affected employees, given the Complaint included a non-exhaustive list. Indeed, as the *Kuhns* court recognized, the producing party remains subject to an obligation to supplement discovery "if such further production is necessary to complete" prior productions. *Kuhns*, 2010 WL 4236873, at *2. The Secretary's motion is such an application of this rule.

Last, the Court understands East Penn's position to delay production until after the Court has issued its summary judgment decision. As the parties are well aware, East Penn has moved for partial summary judgment that would theoretically remove a subset of employees whose contact information was disclosed in the initial production and may obviate a need to update with other names. (These include employees who do not wear uniforms or shower; those who do not work at the eight plants the Secretary's time expert, Dr. Radwin, studied; and those workers classified as "continuous employees."). The Rules of Civil Procedure, however, do not recognize

East Penn's work-around to refuse to produce information that, at least at this time, may be relevant—and was relevant throughout discovery. 8A Fed. Prac. & Proc. Civ. (Wright & Miller) § 2049.1 (3d ed.) (a producing party cannot "hold back material items and disclose them at the last moment"). East Penn has admitted that withholding the requested information is a tactical decision insofar as it anticipates it may no longer be relevant. But East Penn is not in the position to make such a determination. That is reserved for the Court.

Accordingly, the Court grants the Secretary's motion and directs East Penn to supplement its list of employees with those it has newly hired and to supplement contact information for those already-disclosed employees. To be sure, the Court's decision today should not be taken as a substantive ruling on any portion of East Penn's motion for summary judgment.

CONCLUSION

For the reasons set out in this Memorandum, the Court grants the Secretary's motion to compel. An appropriate order follows.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**