IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, *Secretary of Labor*, | : : : | CIVIL ACTION |
| *Plaintiff* v. | : : : : | |
| EAST PENN MANUFACTURING CO., INC., *Defendant* | : : : : | No. 18-1194 |

### MEMORANDUM

PRATTER, J.                                                                                         JUNE 9, 2021

Once again, the parties in this Fair Labor Standards Act are bickering about East Penn's communications with its employees regarding this litigation. The Court has denied the Secretary's prior two requests to sanction its adversary.[1] It will do so again here—but this dispute is a closer call than before. Although East Penn is just barely toeing the line of what the Court has previously ruled permissible, the Secretary has gone overboard by calling for sanctions.

In April, the Court granted the Secretary's Motion to Compel East Penn to supplement its production of names and contact information for its employees who work in Pennsylvania. Doc. No. 261. Along with producing that information to the Secretary, East Penn apparently sent a notice to its employees informing them that it was required to turn over their names and personal contact information and that East Penn "could not prevent this." Doc. No. 263-2. East Penn's notice does not explicitly refer to the Court's April 2021 Order or that the parties' dispute on this point necessitated judicial involvement.

---

[1]     The Court previously denied the Secretary's request for a protective order after East Penn sent a letter to its employees about the Secretary's time study expert. Doc. No. 81. And the Court denied the Secretary's motion for a protective order to, among other things, restrict East Penn from gathering employee declarations and using them either at summary judgment or trial. Doc. No. 226.

1

Based on the language in this latest notice, the Secretary has moved for sanctions against East Penn. The effort is to persuade the Court to order East Penn to provide its employees a copy of the Court's Order and Memorandum granting the earlier motion to compel, provide a copy of *this* Order, and require East Penn to submit to the Secretary as some sort of pre-clearance mechanism any future communications East Penn has with its employees concerning this litigation. The Court declines to impose any of the proposed sanctions.

To be clear, the Secretary has not moved on the basis that East Penn has failed to produce the required information. Rather, it moves on the grounds that East Penn's language violates the dictates of the Court's August 2019 Order. Doc. No. 81. The Court previously considered—and denied—the Secretary's motion for a protective order after East Penn sent a letter to its employees regarding the time study conducted by the Secretary's expert. At that time, the Court reminded the parties that, should either of them "choose to include information about a Court ruling in a communication, they should do so by including a copy of the Court's memorandum or order, as opposed to paraphrasing or speaking on behalf of the Court." Doc. No. 81. The Secretary accuses East Penn of "paraphrasing" in its latest communication with its workers.

In an arguably analogous setting, the Supreme Court has recognized the potential for abuse with *ex parte* communications between a defendant and putative class members. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981). But any "broad restraint on communication" must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101, 104 n.21. That is because of the substantial First Amendment considerations triggered by any restraint on defendant's speech. Moreover, although the defendant in FLSA cases already has some influence over the putative class members as their employer, *Weller v. Dollar Gen. Corp.*, No. CV 17-2292,

2019 WL 1045960, at *4 (E.D. Pa. Mar. 4, 2019), the "mere inherent coerciveness of an employment relationship" alone does not warrant imposing a restriction on the defendant's speech, *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1227 (S.D. Ala. 2008).

East Penn's recent notice to its workers is worded *just so* to avoid literally violating the Court's prior instruction. Although it explains that East Penn was "required" to hand over the information, it does not explicitly refer to the Court's April 2021 Order, nor does it identify who or what compelled East Penn to supplement its discovery responses. This allows East Penn to take advantage of some ambiguous wordplay, and it certainly did so. In one sense, it is the Court who ordered East Penn to produce the information. But the Court granted the motion to compel based on East Penn's obligations under the Federal Rules of Civil Procedure. And that obligation would exist regardless of whether East Penn initially refused to supplement its discovery responses (as it did here), thus prompting motion practice. Moreover, the text of the notice is not incorrect insofar as East Penn anticipates that the Secretary may reach out to employees. Nor is it a mischaracterization that the Secretary disagreed with East Penn's refusal to supplement its discovery responses.

But East Penn frames the dispute as one purely between the parties—it does not acknowledge the Court's involvement. Cherry-picking the background facts does not give employees the full picture of the litigation. The Court is sensitive to ensuring that communications to employees do not undermine cooperation with the Secretary or could be seen as coercive or misleading. For that reason, the Court casts a rueful eye at East Penn's omission that it was producing material in response to a Court order. East Penn's wordsmithing goes to the precipice of what the Court is willing to tolerate.

3

The Court appreciates the Secretary's diligence and concern about protecting the integrity of these proceedings. But the Court is more than equipped to perform its role unaided, which includes judging when conduct actually rises to the level of being sanctionable and when a party violates the Court's instructions. To be sure, the Court does not doubt its authority and discretion to direct an employer to issue a "corrective notice" if the situation so warrants. When a court has so ordered an employer in an FLSA suit, it has typically been when information conveyed to employees would mislead them "into believing that their participation will result in negative consequences because of their participation" in the suit. *Talavera v. Leprino Foods Co.*, No. 1:15-CV-105-AWI-BAM, 2016 WL 880550, at *6 (E.D. Cal. Mar. 8, 2016) (collecting cases). But that is not the case here, and the Court suggests that the Secretary can relax at least this aspect of its assumed watch dog role.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies the Secretary's motion for sanctions. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

4