## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH,** | : | |
| *Secretary of Labor,*[1] | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| **EAST PENN MANUFACTURING** | : | |
| **CO., INC.,** | : | **No. 18-1194** |
| *Defendant* | : | |

### MEMORANDUM

PRATTER, J.                                                          SEPTEMBER  15 , 2021

The Secretary of Labor sued East Penn Manufacturing Company, claiming it violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 203 *et seq.*, because it did not pay its employees for all the time required to change into and out of their uniforms. Both sides moved for summary judgment, and the Court granted their motions in part. Discontent, East Penn now moves for reconsideration of parts of that decision. But East Penn has not shown that the Court erred. Thus, the Court denies its motion.

### DISCUSSION[2]

To prevail on its motion for reconsideration, East Penn must "show (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021). East Penn identifies what it considers to be three clear errors of law: First, the Court found East Penn liable for underpaying uniformed

---

[1]      The latest Secretary of Labor, Martin J. Walsh, is substituted for Eugene Scalia as the plaintiff in this action. Fed. R. Civ. P. 25(d).

[2]      Because the Court thoroughly detailed the applicable law and facts in its prior Memorandum Opinion on the parties' motions for summary judgment, the Court limits its discussion here to the challenged portions.

employees before deciding if that unpaid time was de minimis. Likewise, the Court found East Penn liable for failing to keep accurate records before deciding if the unrecorded time was de minimis. Third, East Penn asserts, the Court found that non-uniformed employees' donning and doffing personal protective equipment counted as compensable activities. But the first two are not errors, much less clear errors. With the third, East Penn simply misreads the Court's prior ruling.

## I.     East Penn Violated the FLSA's Overtime Provision

The FLSA requires that employees be paid for the actual time spent on essential work activities. Doc. No. 273, Op. at 15. But, as East Penn admitted, it paid its uniformed employees for only the "time reasonably spent donning, doffing, and showering." *Id.* Based on that, the Court held that East Penn underpaid its uniformed employees. Op. at 29. That admission of liability did not end the issue, however. At trial, East Penn could still raise "a de minimis defense that may reduce or eliminate any damages" for that unpaid time. *Id.*

East Penn now insists that it did *not* admit to an overtime violation. East Penn has consistently maintained that the unpaid time at issue is de minimis, and, to it, the de minimis doctrine is not a defense to an overtime violation but an element of the violation. For support, East Penn points to a pair of cases. The first, *Anderson v. Mt. Clemens Pottery Co.*, explains that unpaid time is "compensable" only "when an employee is required to give up a substantial measure of his time and effort." 328 U.S. 680, 692 (1946). The second, *De Asencio v. Tyson Foods, Inc.*, similarly situates "the de minimis doctrine" as "a limiting principle to compensation for trivial calculable quantities of work." 500 F.3d 361, 374 (3d Cir. 2007). Resting on these cases, East Penn equates compensation for a violation with the violation itself.

But the two are not the same. East Penn can be found to have underpaid its employees but not necessarily have to compensate them for this extra time. The de minimis doctrine decides

2

whether this "otherwise compensable time" must be actually compensated—that is, whether the employer must "make proper payment to" the underpaid employees. *De Ascencio*, 500 F.3d at 374 (quoting *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984)); *Compensate* (def. 2), *Merriam Webster Unabridged Dictionary* (2021). That is why the Supreme Court in *Anderson* instructed the district court to tally the actual time spent on pre-shift activities, "giving due consideration to the de minimis doctrine and *calculating the resulting damages* under the Act." 328 U.S. at 694 (emphasis added). Put simply, the de minimis doctrine is a limit on recovery. Though a "violation" might be " 'technical,' 'harmless,' or '*de minimis*,' " and so warrant no damages, it is a "violation" nonetheless. *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001). The law does not concern itself with trifles not because the law has not been broken but because the damages are not worth the cost of adjudication.

Thus, the Court finds that it did not err in holding that East Penn underpaid its uniformed employees. For time violations under the FLSA, the de minimis doctrine is "a defense," for which the employer "bears the burden" of proof. *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 176 (7th Cir. 2011). If an employer has been found to have underpaid for compensable work, it can then turn to this defense to "preclude[ ] employees from recovering for" miniscule amounts of that work. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 372 (4th Cir. 2011). East Penn admitted that it underpaid its employees. It must now be content with putting on its de minimis defense at trial.

## II.     East Penn Violated the FLSA's Recordkeeping Provision

East Penn conceded that it recorded employees' shift times, not the "actual time" spent on work. Op. at 22. Based on that, the Court found that East Penn violated the FLSA's recordkeeping requirement. Op. at 22–25. East Penn now insists that was error, because the Court did not first decide if the unrecorded time was de minimis.

To show that unrecorded time must be substantial to count as a violation, East Penn points to the Department of Labor's de minimis recordkeeping regulation, which provides that employers need not record "insubstantial or insignificant periods of time beyond the scheduled working hours." 29 C.F.R. § 785.47. Yet East Penn ignores the limitation that immediately follows: "This rule applies only where" the employer fails to record occasional extra time worked, not where the employer consistently fails to record small but "regular" work periods. *Id.* For example, if a cashier shows up for work two minutes early one day, the store need not clock those extra minutes, but if the cashier regularly shows up early to put on her mandated apron and hat, the store must. Because East Penn falls into this second category, the regulation does not help it. So the Court finds that it did not err in holding that East Penn failed to keep proper records.

### III.   The Court Did Not Rule That East Penn Underpaid Its Non-Uniformed Employees

East Penn sought summary judgment on non-uniformed employees, asserting that "no reasonable juror could find that non-uniformed employees were not fully compensated" because, it claimed, the Secretary provided no evidence on non-uniformed employees. Op. at 42. The Court denied that request. Despite this context, East Penn now complains that the Court went a step further and found "sua sponte" that East Penn *had* underpaid non-uniformed employees. Pl.'s Br. at 6.

Not so. The Secretary put on evidence that East Penn had required the non-uniformed employees to wear personal protective equipment and that it took some of those employees extra time to don and doff that equipment. Op. at 43. Given that, the Court held that the Secretary had carried his burden to show that "a reasonable juror could find that non-uniformed employees were not fully compensated." Op. at 42. In other words, the Court denied East Penn's motion to foreclose

liability; it did not decide that East Penn *was* liable. Instead, a jury must decide "whether these [non-uniformed] employees were compensated for the time spent donning and doffing their company-mandated PPE." Op. at 44. At trial, both sides may submit evidence on whether that equipment was integral and indispensable to the job and, if so, whether East Penn compensated non-uniformed employees for that time.

## CONCLUSION

For these reasons, the Court denies East Penn's motion for reconsideration.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE