UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN WALSH, SECRETARY OF LABOR, <br> U.S. DEPARTMENT OF LABOR, <br> <br> Plaintiff, <br> <br> v. <br> <br> EAST PENN MANUFACTURING CO. <br> <br> Defendant. | Case No. 5:18-cv-01194-GEKP |

**EAST PENN'S MOTION IN LIMINE AND MEMORANDUM
TO EXCLUDE TEMPORARY EMPLOYEES FROM TRIAL[1]**

On June 9, 2022, more than four years after filing the Complaint in this case, nearly two years after the Court's summary judgment ruling, after three pretrial status conferences, and after filing his May 4, 2022, trial plan outlining the claims and issues to be tried, the Secretary seeks to inject a new, unpleaded and undiscovered issue into this case: whether temp workers can recover back wages from East Penn under the economic realities test. *See* dkt. 330. This marks the third time since the Court's summary judgment ruling that the Secretary has attempted to expand the scope of this case (and the size of his back wages claim), having previously tried to rope into the case office workers and claims for alleged uncompensated production activities. Those previous attempts failed and so, too, should this one. *See also Huang v. Sakura Mandarin, Inc.*, No. 21-3757, 2022 WL 2052646 (E.D. Pa. June 7, 2022) (Pratter, J.) (dismissing two of three restaurant defendants where complaint failed to plead sufficiently that the restaurants qualified as a single integrated enterprise for purposes of recovery under the FLSA).

---

[1] East Penn is filing this motion out of an abundance of caution. Although we raised this point in our opposition to the Secretary's motion to amend Schedule A, *see* dkt. 328, the Secretary contends that our filing was procedurally infirm and that the subject of the instant motion must be raised in a new motion. *See* dkt.330 at 3 n.1.

1

Normally, entire lawsuits are the subject of whether two or more companies are joint employers under the economic realities test; the issue is pleaded, discovered, and briefed. Here, however, the Secretary's Complaint does not include allegations regarding temp workers and the economic realities test, despite the fact that the Wage-Hour Division investigated East Penn for two years before filing the Complaint. Had the Secretary done so, East Penn would have interpleaded the temp staffing agency responsible for placing temp workers at East Penn (and administering and paying them), and it would have conducted discovery on the issue, and it would have sought summary judgment on the issue. Instead, there was *no* pleading, discovery, or motions practice on this issue because we plainly did not *know* that it was an issue. The lack of discovery affects not only East Penn's ability to defend against a claim for recovery by temp workers, but it also precludes the Secretary's ability to prove a back wage claim for alleged work performed by such workers. As acknowledged by the Secretary in his Motion to Amend Schedule A (dkt. no. 324 at 1, no.1), by agreement of the parties East Penn completed its final production of updated pay data on May 12, 2022. As East Penn's pay data does not include payroll information for temp workers (since they are not East Penn's employees), the Secretary has no basis on which to prepare a back wage claim for temps.

The Secretary's claim that he is "surprised" by East Penn's assertion that temp workers are not part of this case is false. *See* dkt. no. 330 at 3. During discovery, the Secretary asked 25 informal questions (written by its back-wage witness Michael Murray) about East Penn's pay and other electronic data such as punch, EICS and HMI. In a response dated June 10, 2019, East Penn explained in response to the first question that the payroll data it had produced "track[ed] payroll for all East Penn (i.e., non-temporary) personnel . . . ." Thus, we clearly raised that we were

2

treating temp workers as outside the scope of the case.  The Secretary never followed up on this response, even though discovery remained open for five more months.

Two years later, on June 17, 2021, in response to the Secretary's email inquiry regarding updated contact information produced by East Penn, East Penn confirmed that it had not provided contact information for temporary and contract workers (the latter working mainly in IT) "because such individuals are not East Penn employees, do not have W2s issued by East Penn, and are not in East Penn's pay data."  Again, the Secretary did not respond to this statement.

More recently, on April 1, 2022, East Penn responded to various questions about the supplemental pay and punch data that it had produced in November 2021 (and replaced with a production made in January 2022).  One of the Secretary's questions was why certain individuals studied by Dr. Radwin were not included in the pay data productions.  With respect to three such individuals, East Penn explained that they were not included in the production because they "were temp employees, not East Penn employees, at the time of Dr. Radwin's study."  East Penn further noted that "[t]emp employees have never been part of this litigation; thus, we are not obligated to produce their pay and punch data for the period prior to their becoming East Penn employees.  Further, as we have previously stated, we do not possess the pay data for them."  Thus, the Secretary has been repeatedly put on notice of the existence of temp workers, and East Penn's position regarding their irrelevance to this case, and has no excuse for now raising for the first time the issue of their status and eligibility to participate in a back wages award.  Allowing them to do so would be unduly prejudicial to East Penn.

Finally, to the extent the Secretary did not intend to expand the scope of the case, but rather seeks to preserve his ability to disagree whether employees identified by East Penn as temp workers during part of the limitations period were in fact temps, he could have done so by working

with East Penn informally. On June 2, 2022, East Penn wrote to the Secretary summarizing its position regarding the 32 names on Schedule A that it identified in its June 3 filing (dkt. no. 328) and explaining that two of them were temp employees during that portion of the limitations period in which they wore uniforms. The Secretary never responded to this email. Had he done so, and if, as is now apparent, he was unwilling to accept East Penn's assertion regarding the two temp employees identified in the June 3 filing, the parties could have discussed how to verify East Penn's assertion. And the Secretary can take his own action to verify by contacting the two individuals in question (whose contact information was provided in 2019 because they subsequently became East Penn hourly employees) or by reviewing their pay data, which will not include data for the time during which they were temp workers. But instead of taking this cooperative route, the Secretary has chosen to inject yet another new issue into the case. Thus, in an abundance of caution, East Penn brings this motion to make clear that temp workers who are not East Penn employees are not a part of this case, and that the parties will not have to devote time in what will already be a lengthy trial to a side issue regarding a few employees' employment status.[2]

Dated:  June 9, 2022                                  Respectfully submitted,

/s/ Michael J. Mueller
Michael J. Mueller *pro hac vice*
Evangeline C. Paschal *pro hac vice*
Kelly R. Oeltjenbruns *pro hac vice*
HUNTON ANDREWS KURTH LLP

---

[2] The Secretary faults East Penn for challenging the inclusion on Schedule A of 0.3% of the names on Schedule A, asserting that it is a fact issue. East Penn does not disagree with this percentage, or with the assertion that it creates a fact issue. East Penn's point is that a side fact issue involving a tiny percentage of employees at issue should not take up time at trial, but rather should be resolved as part of the pretrial proceedings, either formally or informally. The Secretary has forced East Penn to take the former route.

2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
mmueller@huntonak.com
epaschal@huntonak.com


/s/ Daniel B. Huyett
Daniel B. Huyett
Pa. Attorney I.D. No. 21385
STEVENS & LEE, P.C.
111 North Sixth Street, P.O. Box 679
Reading, PA 19603-0679
Telephone:  (610) 478-2219
Facsimile:  (202) 988-0801
dbh@stevenslee.com
*Counsel for Defendant East Penn Manufacturing Co.*

## CERTIFICATE OF SERVICE

I, Michael J. Mueller, hereby certify that a true and correct copy of the foregoing was served on counsel listed below on June 9, 2022, through the Court's ECF system:

OSCAR L HAMPTON
U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street, Mailstop SOL/22
Philadelphia, PA 19103-2968 (all further recipients are at this same mailing address)
215-861-5120; Email: hampton.oscar@dol.gov

ADAM F. WELSH
215-861-5159; Email: welsh.adam@dol.gov

BERTHA M. ASTORGA
215-861-5126; Email: Astorga.Bertha.M@dol.gov

ETHAN M. DENNIS
215-861-5142; Email: dennis.ethan.m@dol.gov

ANDREA LUBY
215-861-5128; Email: Luby.andrea@dol.gov

ALEXANDER E. GOSFIELD
215-861-5124; Email: gosfield.alexander.e@dol.gov

ELIZABETH A. KUSCHEL
215-861-5113; Email: kuschel.elizabeth.a@dol.gov


Dated:  June 9, 2022                                    /s/ Michael J. Mueller
                                                        Michael J. Mueller