IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br>             Plaintiff, <br><br>       v. <br><br> EAST PENN MANUFACTURING CO., <br><br>             Defendant. | Civil No. 5:18-cv-01194-GEKP |

**THE SECRETARY OF LABOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TEMPORARY EMPLOYEES FROM TRIAL**

More than four years after filing its Answer in this matter, East Penn now attempts to assert a new defense it has never pleaded before: that some of the individuals who engaged the work activities at issue in this case are, in fact, employed by another undisclosed entity. It declined to plead this defense in its Amended Answer. It made no effort to develop this defense during discovery. It never disclosed this defense to the Secretary until after summary judgment. In spite of these facts, East Penn now raises this defense for the first time in connection with two employees listed in the Secretary's Revised Schedule A, one of whom was disclosed by the Secretary in the original Schedule A at the commencement of this litigation. It further suggests that it possesses and has failed to disclose information concerning an unknown number of additional "temporary" employees, whose job responsibilities, uniform use, time worked, and other pertinent information are unknown to the Secretary.[1] A review of the record in this matter

---

[1] The total number of such employees (i.e., employees whom East Penn classifies as "temporary" but otherwise perform the same type of donning, doffing, showering and other compensable work at issue in this case) similarly remains unknown to the Secretary. Whether it is solely the two employees at issue here or whether there are hundreds or thousands of others is information solely within East Penn's possession. The Secretary reserves the right to pursue this information

1

shows that East Penn had the necessary information to raise this issue, if it chose to do so, as early as March 2018. It failed to do so, and should not be permitted now to assert a backdoor defense 10 months after summary judgment.

East Penn's motion complains in part that the presence of two (2) employees on the Secretary's Revised Schedule A out of a total of 11,434 employees is dilatory, because notice of these employees is being given "more than four years after filing the Complaint in this case[.]" The employees, identified to the Secretary via email, bear initials CLO and JMP.

The first employee, initials CLO, was first identified to East Penn as an individual for whom the Secretary sought back wages on March 20, 2018, as part of the original Schedule A attached to the Complaint in this matter. The Secretary reaffirmed that CLO was an employee at issue in this case with the filing of his Revised Schedule A on October 11, 2019, in which CLO was the 4,889th employee listed, and again with the filing of his Second Revised Schedule A on February 19, 2021, in which CLO was the 6,389th employee listed. *See* Dkt. 1-4, at 104; Dkt. 103-1, at 115; Dkt. 250-1, at 150.

The second employee, initials JMP, was first brought to East Penn's attention as an employee who was part of the Secretary's case over 14 months ago. That employee is listed as number 6,725 in the Secretary's Second Revised Schedule A, filed on February 19, 2021. Dkt. 250-1, at 158. East Penn opposed this filing based upon the claim that it was procedurally infirm and that it would be "more efficient for the Secretary to wait until after the Court has decided the

---

through any means available. The Secretary further notes that East Penn's assertion that it does not employ these individuals apparently relies upon the technicality of their employment status for tax purposes. *See* Dkt. 331, at 3. This is inconsistent with Third Circuit precedent, under which employment for Fair Labor Standards Act purposes is a matter of "economic reality" rather than technicalities. *See In re Enterprise Rent-A-Car Wage & Hour Emp. Practices Litig.*, 683 F.3d 462, 467 (3d Cir. 2012).

pending summary judgment motions to move to revise Schedule A to reflect the Court's decisions on summary judgment." Dkt. 251, at 2. East Penn expressly contemplated and invited the submission of a Revised Schedule A following a summary judgment ruling, arguing that "the Secretary will not be prejudiced by waiting until after dispositive motions have been decided to bring a motion to revise the operative Schedule A." *Id.* At no time prior to the resolution of summary judgment did East Penn raise an issue concerning these individuals' employment status, or any other issue it now raises more than a year after it received notice concerning JMP, and over four years after it received notice of CLO.

With regard to East Penn's argument that its concealment of information regarding employees it unilaterally and secretly deemed "temporary" was somehow justified by "notice," let us be clear: East Penn gave no such notice. East Penn stated that it tracked payroll for non-temporary personnel, without ever indicating that it employed "temporary" personnel, let alone what sort of jobs any such personnel performed.[2] When it responded to the Secretary's First Interrogatory, which asked for names, contact information, and work assignments of all East Penn employees during the relevant time period, East Penn raised no objection that some of the employees were "temporary" or indicated in any way that it was withholding information for individuals it unilaterally determined were not its own "employees." When it produced time and attendance data, it did not object on the basis that some employees for whom it had records were "temporary" employees, and indeed produced records for employees whom it now claims were beyond the scope of the case. It did not state that there were additional "temporary" employees who worked for East Penn through a separate entity who might be liable as a joint employer. In

---

[2] The other two examples of "notice" East Penn cites both came well after discovery and summary judgment briefing had ended.

its Amended Answer, East Penn asserted a multitude of pro forma and spurious defenses, up to and including alleging that the Secretary of Labor "is not entitled to recover back wages" for the employees at issue.  In that litany of "kitchen-sink" defenses, it did not allege that any employee listed in Schedule A or who performed the activities described in the Complaint was not actually an employee of East Penn or was jointly employed by another entity.  *See* Dkt. 140.  The Secretary denies that East Penn had the authority to unilaterally exclude employees from its production in connection with a defense it did not plead, and then to use its failure to plead or produce evidence to bootstrap this secret defense into being.

      The Court has held the Secretary in this matter to the strict pleading requirements of the Federal Rules of Civil Procedure.  To allow East Penn to amend its Answer informally at the eleventh hour to add a brand new substantive defense would be to hold East Penn to a far lesser standard.  East Penn acknowledges that this new defense, based upon information solely within the possession of East Penn, would have required substantial discovery and potentially an interpleader of an additional alleged joint employer.  The time to raise this issue is long past. East Penn's motion should therefore be denied.

| | |
|---|---|
| June 23, 2022 | Respectfully submitted, |
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street, Mailstop SOL/22<br>Philadelphia, PA 19103-2968 | Seema Nanda<br>Solicitor of Labor |
| (215) 861-5124 (voice)<br>(215) 861-5162 (fax) | */s/ Alexander E. Gosfield*<br>Oscar L. Hampton III,<br>Regional Solicitor (MO ID# 36778)<br>Adam F. Welsh, Regional<br>Counsel for Wage & Hour (PA ID# 84988) |
| gosfield.alexander.e@dol.gov | Alexander E. Gosfield,<br>Trial Attorney (PA ID# 209537)<br>Elizabeth A. Kuschel,<br>Trial Attorney (PA ID# 318537)<br>hampton.oscar@dol.gov<br>welsh.adam@dol.gov<br>gosfield.alexander.e@dol.gov<br>kuschel.elizabeth.a@dol.gov<br>(215) 861-5124 |
| | Attorneys for Plaintiff |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on 23 June 2022, I electronically filed the foregoing Response to Defendant's Motion in Limine to Exclude Temporary Employees from Trial with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to this document to the attorneys of record in this case.

*/s/ Alexander E. Gosfield*
Alexander E. Gosfield
Trial Attorney