# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN J. WALSH,** | : | |
| *Secretary of Labor,* | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff* | : | |
| **v.** | : | |
| | : | |
| **EAST PENN MANUFACTURING** | : | |
| **CO., INC.,** | : | **No. 18-1194** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                         OCTOBER 28, 2022

In this Fair Labor Standards Act lawsuit brought by Department of Labor Secretary Martin Walsh, defendant East Penn Manufacturing Co., Inc. has filed a motion to exclude witnesses not disclosed by name on the Secretary's May 4 trial witness list. For the following reasons, the Court denies East Penn's motion but orders that the Secretary disclose the names of 502 witnesses on or before November 18, 2022.

### BACKGROUND

The Secretary brought this action against East Penn, a battery manufacturer, in 2018, claiming that East Penn underpaid its workers for the time spent donning and doffing uniforms and personal protective equipment (PPE) in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203 *et seq.* Several years later, with the parties drawing closer to trial, this Court issued an order requiring the parties to exchange lists of anticipated witnesses, along with brief descriptions of the expected testimony and disputed issues to be addressed by such witnesses. The Secretary timely filed his preferred trial plan, but, asserting informer's privilege, redacted the names of 502 of his anticipated 755 witnesses, or approximately two-thirds (2/3) of all of his witnesses. East Penn argues that the Secretary should be precluded from calling any of the witnesses whose names have been withheld on the grounds that the Secretary's redaction

constitutes refusal to comply in good faith with the Court's order, that informer's privilege necessarily must give way when the parties make pretrial disclosures, and that the Secretary's withholding of the names jeopardizes East Penn's ability to prepare for trial. The Secretary, on the other hand, contends that he did comply with the Court's order and properly invoked informer's privilege, that East Penn has failed to meet its burden to prove that the witnesses' names are essential to its case, and that sanctions and exclusion of the unnamed witnesses is an inappropriate remedy. The Secretary asserts he has agreed to provide East Penn with employee identities and unredacted statements thirty (30) days before trial. This dispute reflects perfectly the parties' behavior throughout the life of this case.

## DISCUSSION

Informer's privilege is "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Because "[t]he relationship between an employer and employees is a sensitive one," informer's privilege is commonly invoked in FLSA cases. *Mitchell v. Roma*, 265 F.2d 633, 637 (3d Cir. 1959). The privilege's purpose is to encourage citizens to report misconduct without fear of retaliation. *Id.* at 635, 637; *see also Roviaro*, 353 U.S. at 59. Still, the privilege is not without bounds. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61.

### I.     The Secretary Invoked Informer's Privilege

To invoke informer's privilege, a "formal claim [must be] lodged by the head of the department which has control over the matter, after actual personal consideration by that officer. *State v. Reynolds*, 345 U.S. 1, 8 (1953). Agency heads may delegate authority to subordinates with significant authority, so long as that subordinate attests "to [her] personal review of the documents

and materials at issue in the case." *Chao v. Raceway Petrol., Inc.*, No. 06-cv-3363, 2008 WL 2064354, at *5 (D.N.J. May 14, 2008). The agency head or high-level subordinate should have precise reasons for invoking the privilege. *United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980) (citing *Smith v. Fed. Trade Comm'n*, 403 F. Supp. 1000, 1016 (D. Del. 1975)).

Here, the Secretary submitted the declaration of Jessica Looman, Acting Administrator and Principal Deputy Administrator of the Wage and Hour Division, to whom has been delegated the responsibility of investigating FLSA compliance within the Department of Labor (DOL). Ms. Looman declared that she "personally determined that employees who provided information to Wage and Hour and/or the Office of the Regional Solicitor about their employment at East Penn are government informants and that their identities are protected by the government informant privilege." Looman Decl. ¶ 8, Doc. No. 320-1. The Court notes that Ms. Looman does not contend that specific unnamed witnesses requested confidentiality or even expressed concern about the possibility of retaliation. Instead, Ms. Looman is a vehicle for bootstrapping the DOL's preference for nondisclosure by admitting that the DOL "encourages current and former employees to provide full disclosure of violations of the [FLSA] by assuring them that their identities will be kept confidential to the extent permitted by law" because the DOL is mindful of potential hurdles to informants' "ability to obtain or retain employment going forward." Looman Decl. ¶¶ 10–11, Doc. No. 320-1. The Court is well aware that similar declarations have been found to be precise enough to properly invoke the privilege. *See, e.g., Perez v. Am. Future Sys., Inc.*, No. 12-cv-6171, 2013 WL 5728674, at *3 (E.D. Pa. Oct. 21, 2013). Accordingly, the Court will not conclude that the Secretary's invocation in this instance was technically insufficient or improper.

## II.    Disclosure Is Essential to a Fair Determination of the Case

The Court next considers whether due process trumps the informer's privilege at this stage of the litigation.

"[T]he interests to be balanced here are the public's interest in efficient enforcement of the [FLSA], the informer's right to be protected against possible retaliation, and [East Penn's] need to prepare for trial." *Hodgson v. Charles Martin Inspectors of Petrol., Inc.*, 459 F.2d 303, 305 (5th Cir. 1972). The Secretary may keep the identity of his informants secret during the early stages of litigation, like investigation and discovery. *See Mitchell*, 265 F.2d at 635–36; *Brennan v. Engineered Prods.*, 506 F.2d 299, 302–03 (8th Cir. 1974). However, the Secretary must identify these witnesses "at a reasonable time before trial" so that East Penn can prepare its defense. *Id.* at 304.

To overcome the informer's privilege earlier than at the very last minute, East Penn bears the burden of proving that "its need for the information outweighs the [Secretary's] interest in nondisclosure." *In re Perez*, 749 F.3d 849, 858 (9th Cir. 2014); *accord Dole v. Local 1942, Int'l Brotherhood of Elec. Workers, AFL-CIO*, 870 F.2d 368, 375 (7th Cir. 1989); *Hodgson*, 459 F.2d at 307. East Penn has met that burden here, arguing that while the Secretary has the benefit of a full and unredacted witness list from his opponent, East Penn, under the Secretary's proposal, would have only one month to prepare to cross-examine over 500 newly disclosed witnesses. East Penn calculates that it would need to retain between eight and eleven additional attorneys and require them to work solely on depositions for 30 straight eight-hour days to prepare to cross-examine these presently unnamed individuals. Even if the situation were not quite that dire, the Court agrees that due process would be threatened if the Secretary were permitted to withhold

identifying information of potential witnesses until a mere 30 days before trial of a case of this magnitude (which is the creation of the Secretary's claims).

The Secretary presumes to lecture the Court that, should he be required to identify informants months before trial, it would constitute reversible error. *In re Acosta*, 18-cv-1566, 2018 WL 11360441, at *1 (3d Cir. Apr. 6, 2018). The Court finds that warning at best unavailing. In *Acosta*, the district court ordered disclosure during *discovery*, reasoning that the Secretary *eventually* planned to call these informants as witnesses at trial. *Acosta v. Heart II Heart, LLC*, 17-cv-1242, 2018 WL 10335545, at *2 (W.D. Pa. Mar. 2, 2018). The Third Circuit Court of Appeals overturned this early-stage disclosure, saying "that it is premature to order the disclosure of those identities at this stage of the litigation" but that the district court "may consider ordering the disclosure of the identities of those employees that will be called as witnesses at a date closer to trial." *In re Acosta*, 2018 WL 11360441, at *1.

Cases from other circuits which the Secretary cites are similarly distinguishable because disclosure was requested during the discovery stage of the litigation. *See Brennan*, 506 F.2d at 303 n.2 (finding disclosure was not required because the case was still in the discovery stage); *Brock v. R.J. Auto Parts and Serv., Inc.*, 864 F.2d 677, 679–80 (10th Cir. 1988) (finding that employer in a "routine and uncomplicated" case failed to demonstrate a need for a witness list and that an early discovery order to compel disclosure was unwarranted); *Dole*, 870 F.2d at 371–72, 375 (finding that dismissal following the Secretary's noncompliance with discovery order instructing the release of witness names was inappropriate where a union failed to make a showing of substantial need for undisclosed witness names). Here, where the complaint against East Penn was filed in March of 2018 and summary judgment motions were filed in early 2020, the Secretary wisely refrains from suggesting that this case remains in discovery. This case involves over 750

witnesses for the Secretary alone, involves 23 different facilities, approximately 12,000 current and former employees, and is expected to be tried over the course of *months*. In balancing informer's privilege against due process, the Court finds that East Penn's ability to prepare a defense could be seriously compromised if the Secretary does not provide an unredacted witness list on or before November 18, 2022, approximately three months before trial.[1]

## III.   Exclusion of Unnamed Witnesses and Sanctions Are Not Warranted

East Penn requests that the Court prohibit the Secretary from calling any witness not identified by name on the May 4, 2022 witness list and additionally requests attorneys' fees and costs associated with its preparation of the pending motion, pursuant to Federal Rule of Civil Procedure 16(f)(2). Neither request will be granted.

"The underlying concern of the [informer's privilege] doctrine is the common-sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." *Dole*, 870 F.2d at 372. The important purpose of the privilege would not be well served if the Court were to take the extreme measure of excluding all unnamed witnesses on the Secretary's list when it has the more measured option to order disclosure at a reasonable time before trial. *See, e.g., id.* at 375–76 (finding abuse of discretion where the court dismissed case after the Secretary did not comply with an order to disclose).

---

[1]      As the Court indicated in the June 23, 2022 status conference, should the Secretary wish to challenge the disclosure of any individual names on a principled individual basis, the Court is willing to conduct *in camera ex parte* interviews of witnesses to determine whether they have individually demonstrated a reasonable fear of retaliation. June 23, 2022 Tr. at 15:12–17, Doc. No. 344; *see also* Looman Decl. ¶¶ 9, 10, Doc. No. 320-1; *Brock v. Frank v. Panzarino, Inc.*, 109 F.R.D. 157, 158 (E.D.N.Y. 1986) ("[A]n *in camera* review of the employees' statements would fairly balance the public's interest in efficient enforcement of the [FLSA], the informer's right to be protected against possible retaliation and the defendant[s'] need to prepare for trial." (quoting *Hodgson*, 459 F.2d at 305) (internal quotations omitted)). Due to the time requirements of this screening process, the Court reiterates its recommendation that the Secretary's witness list be reduced as necessary to reflect the number of witnesses he anticipates actually calling. *See* June 23, 2022 Tr. at 18:3–6.

Similarly, given the potential importance of the informer's privilege in FLSA cases, and the Secretary's albeit modest efforts to provide *some* relevant information of the unnamed witnesses, including their job descriptions and the anticipated thrust of their testimony, this Court finds adequate circumstances that would make an award of attorneys' fees unjust. Fed. R. Civ. P. 16(f).

## CONCLUSION

As the parties charge toward a trial set to begin in February, East Penn's need to prepare for trial is becoming increasingly urgent and warrants disclosure of the Secretary's previously unnamed witnesses.   The Court therefore orders the Secretary to disclose such witnesses by November 18, 2022, and denies East Penn's motion to exclude witnesses not disclosed by name on the Secretary's May 4 trial witness list. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE