IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>*Secretary of Labor*,[1] | : | CIVIL ACTION |
| *Plaintiff*<br>v. | : | |
| EAST PENN MANUFACTURING<br>CO., INC.,<br>*Defendant* | : | No. 18-1194 |

**MEMORANDUM**

PRATTER, J.                                                                                           NOVEMBER 30, 2022

In this Fair Labor Standards Act lawsuit brought by Department of Labor Secretary Martin Walsh, defendant East Penn Manufacturing Co., Inc. has filed a motion to bifurcate the upcoming trial. For the reasons set forth below, the Court denies East Penn's motion.

### BACKGROUND

The Secretary brought this action against East Penn, a battery manufacturer, in 2018, claiming that East Penn underpaid its workers for the time spent donning and doffing uniforms and personal protective equipment (PPE) in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203 *et seq*. Several years later, with the parties drawing closer to what is projected to be a multi-month trial, East Penn has asked this Court to bifurcate the upcoming trial into two phases, with the first phase focused on determining the non–de minimis uncompensated time that employees spend on compensable activities and the second phase focused on determining East Penn's willfulness in violating the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 203 *et seq*, along with the calculation of damages.

---

[1] The latest Secretary of Labor, Martin J. Walsh, is substituted for Eugene Scalia as the plaintiff in this action. Fed. R. Civ. P. 25(d).

1

East Penn argues that bifurcating the projected 60-day trial in this way will result in an expeditious trial, avoid jury confusion, circumvent prejudice against East Penn, and benefit the Secretary. The Secretary disagrees. Instead, he says, given the substantial overlap between witnesses and evidence related to both willfulness *and* non-willfulness issues, neither judicial economy nor convenience would be served as most witnesses would be recalled to testify in, and a large portion of the evidence would be relevant to, both phases of a bifurcated trial. Moreover, permitting bifurcation creates unfair prejudice for the Secretary, he says. The motion has been fully briefed and is ripe for the Court's review.

## DISCUSSION

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b); *see also Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984) (stating trial courts must weigh "the various considerations of convenience, prejudice to the parties, expedition, and economy of resources"). The decision to bifurcate "is ultimately one that lies within the broad discretion of the trial court." *Wagner v. Allstate Ins. Co.*, No. 14-cv-07326, 2016 WL 233790, at *3 (E.D. Pa. Jan. 19, 2016). Bifurcation in the context of FLSA actions is not unheard of within the Third Circuit. *See Goldman v. RadioShack Corp.*, No. 03-cv-0032, 2005 WL 1155751, at *1 (E.D. Pa. May 13, 2005) (collecting cases) (internal quotation marks omitted). However, a motion to bifurcate should not be granted where the relevant "issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials." *In re Bayside Prison Litig.*, 157 F. App'x 545, 548 (3d Cir. 2005). "The moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Innovative*

*Office Products, Inc. v. Spaceco, Inc.*, No. 05-cv-04037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006).

This Court earlier informed the parties that it would not permit bifurcation on a plant-by-plant basis, but it would consider additional submissions on bifurcating liability-related and de minimis issues from willfulness and damages. June 23, 2022 Tr., 9:23–10:4; 37:5–38:18. Having received those briefings, the Court cannot find that bifurcation would be a convenient, expeditious, or economical alternative to a typical trial. By the Secretary's calculation, about 95% of East Penn's witnesses would testify on both non-willfulness and willfulness issues, while only 1.7% of the witnesses would testify solely on willfulness, and 67 of East Penn's exhibits pertain to willfulness and 136 pertain to all issues. The Secretary calculates that only 0.26% of his own witnesses will present testimony solely on willfulness, and only 3.9% of his exhibits do not pertain to willfulness. East Penn does not directly challenge these calculations as to its own exhibits and witnesses, but rather responds that the raw numbers and percentages are misleading because witnesses testifying exclusively on willfulness will require significantly more time on the stand, that the testimony of hourly employee witnesses, for example, can be presented in full in phase one of the bifurcated trial and merely referred back to in phase two, and East Penn policies introduced in phase one can also be harkened back to in phase two. But this arrangement—and with such extensive overlap among the issues, by East Penn's own designations as set forth in its trial plan—could cause, rather than prevent, jury confusion, strain judicial economy by inviting voluminous objections for perceived misuse of evidence between phase one and phase two, and ultimately encumber, rather than expedite, a lengthy trial.

The Court also considers the potential prejudice to the parties resulting from a grant or a denial of the pending motion. East Penn argues that bifurcation would prevent prejudice to East

3

Penn because it would avoid the commingling of strict liability and state-of-mind issues. That argument has prevailed in some FLSA cases in this district. *See, e.g., Goldman*, 2005 WL 1155751, at *2.[2] But the Court does not find that this potential prejudice would outweigh the risk of jury confusion and an overly encumbered trial given the evidentiary overlap noted above, and any risk of prejudice can be addressed through the Court's instructions to the jury. *See, e.g., In re Bayside Prison Litig.*, 157 F. App'x at 548 ("[Where] the District Judge expressly direct[s] the jury to compartmentalize the evidence, . . . there is no reason to believe that it [is] unable or unwilling to do so."); *Harris v. Midas*, No. 17-cv-95, 2019 WL 5294266, at *5 (W.D. Pa. Oct. 18, 2019). The Court is very confident that the jury will capably and conscientiously adhere to the Court's instructions. Likewise, the Court is equally confident that all counsel will demonstrate their considerable skills to help the jury discern the evidentiary and related issues. The Court therefore does not find that East Penn, as movant, has met its burden.

---

[2] The Court is more skeptical of the Secretary's assertion that he would be prejudiced if this trial were to be bifurcated. Without citing to any caselaw, he states in a conclusory fashion that East Penn means only "to control what the Secretary offers in his case in chief in order to unfairly prejudice the Secretary" by complicating his plan for presentation of evidence and witness examinations. Pl.'s Sur-reply in Opp. at 4–5, Doc. No. 347. The Court does not credit this allegation of East Penn's ulterior motives.

4

## CONCLUSION

Given the significant amount of time this trial is expected to consume, the Court is mindful of the enormous amount of energy that will be required of the parties, their counsel, the jury, and the Court itself during 60 days of litigation. But the Court has determined that East Penn's proposed bifurcation of the trial would only drain the batteries of the relevant players in this case by potentially confusing the jury, inconveniencing witnesses, or requiring the presentation of duplicative evidence. The Court therefore denies East Penn's motion to bifurcate. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE