IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE SU,** | : | |
| *Acting Secretary of Labor,*[1] | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff* | : | |
| **v.** | : | |
| | : | |
| **EAST PENN MANUFACTURING** | : | |
| **CO., INC.,** | : | **No. 18-1194** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                        MARCH 29TH, 2023

In this trial of considerable length, the parties are well advised to reserve their—and the jury's—stores of energy to facts that are relevant to the case. The Secretary of Labor has attempted to elicit evidence of piece-rate compensation in a case that defendant East Penn Manufacturing Company, Inc. believes to be about donning, doffing, and showering, and whether time its employees spent performing these activities off of the production floor were properly compensated. East Penn therefore filed a Motion to Preclude Evidence Regarding Piece Rate Work Performed by Certain Employees on Schedule A. The Court will grant East Penn's motion for the reasons set forth below.

### BACKGROUND[2]

The Secretary of Labor sued battery manufacturer East Penn Manufacturing Company, Inc., claiming that East Penn underpaid its workers for the time spent showering and donning and doffing uniforms and personal protective equipment (PPE) in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203 *et seq.*, and failed to make and preserve adequate and accurate

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), the Acting Secretary of Labor, Julie A. Su, is substituted for Martin Walsh as the plaintiff in this action.

[2]     The Court assumes familiarity with the underlying facts of this case and presents only background matters that are directly relevant to the instant motion.

records of employee time. The Court granted the Secretary's motion for summary judgment in part, finding that East Penn had violated the FLSA's recordkeeping and overtime provisions when it failed to record the actual amount of time employees spent donning and doffing. *Walsh v. E. Penn Mfg. Co.*, No. 18-cv-1194, 2022 WL 1173181, at *1 (E.D. Pa. Apr. 20, 2022).

After the Court issued its ruling on the parties' motions for summary judgment, the Secretary filed a motion for sanctions, claiming that East Penn had withheld documents showing that production employees were underpaid for time they had spent on the production floor building battery parts. *Id.* Specifically, the Secretary accused East Penn of withholding summary reports involving Human Machine Interface (HMI) productivity data, which registers when the employee started work on the production line. *Id.* Additionally, the Secretary claimed that East Penn had intentionally failed to produce its rate books, which showed East Penn's internal calculations about how many units, or pieces, a piece-rate worker could reasonably produce during one shift. *Id.* at *1–*2. In response to the motion for sanctions, East Penn averred that some of the documents had already been produced to the Secretary, other documents were never specifically requested, and other requests had been objected to without the Secretary ever moving to compel for production. *Id.* at *2.

The Court denied the Secretary's motion for sanctions, finding that the Secretary was untimely attempting to focus the case on unpaid productive time and that the allegedly withheld documents were not relevant or proportional to the claim that was framed, from the start of the case, as an issue of donning, doffing, and showering. *Id.* at *3–*5. The Court reaffirmed its stance on the issue in granting East Penn's motion *in limine* to preclude the Secretary from offering evidence of and references to unpaid productive time. Feb. 14, 2023 Order, Doc. No. 494. At trial,

however, the Secretary has sought to elicit testimony from certain employee witnesses about their pay under a piece-rate scheme, prompting East Penn to file the present motion.

## LEGAL STANDARD

Evidence is relevant if (1) "it has any tendency to make a fact more or less probable than it would be without the evidence," and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence will be admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth*, 98 F.3d 739, 745 (3d Cir. 1996); *see also* Fed. R. Evid. 402. Nevertheless, even when it is relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## DISCUSSION

### I. The Probative Value of Piece-Rate Compensation Evidence Is Substantially Outweighed by a Danger of Wasting Time and Confusing the Jury

East Penn pays certain of its non-supervisory uniformed employees through a piece-rate compensation scheme. Workers receiving payment under this system receive a bonus enhancement once they have produced a certain number of units on the production floor. Employers and employees are permitted to agree that the pay employees earn at piece rates is intended to compensate them for both productive and nonproductive hours. 29 C.F.R. § 778.318.

The Secretary concedes that the piece-rate compensation scheme has not been the focus of her case, specifically because the Secretary has not alleged a violation of the FLSA's piece-rate requirements. But she argues that evidence of piece-rate compensation is relevant because the Secretary's damages witness, Michael Murray, will factor in piece-rate wages in calculating the regular rate of compensation for the employees on Schedule A to determine the total amount of

overtime due. Additionally, she contends that evidence of piece-rate work bears directly on when their time on the production floor started and stopped, which impacts whether the allegedly compensated time bookending each shift was adequate for employees to don and doff their uniforms or PPE and shower.

East Penn has stated in its motion and its reply brief that it has no intention of challenging how Mr. Murray calculated its employees' regular rate of pay. It intends to challenge only other assumptions he used in calculating damages. East Penn also notes that its own back wage witness does not contest Mr. Murray's regular rates of pay as used in his calculations.

Under Rule 403, there is little probative value in adducing potentially *hours* of evidence regarding the piece-rate compensation scheme when it is a tertiary issue that East Penn has no intention of challenging at the damages calculation stage. Moreover, although the Court agrees that the time each Schedule A employee started and ended a shift on the production floor is directly relevant to this case, it is not at all persuaded that inquiries as to the *manner of compensation* during that productive time has probative value. On the other side of the Rule 403 scale, there is a substantial risk of jury confusion as to any lengthy testimony on the mechanics of piece-rate pay that will not be a factor for discussion in the deliberation room. And as to a substantial risk of wasting time, no irony is lost on the Court, in this case so heavily scrutinizing the appropriate aggregation and allocation of employee minutes and seconds, that the jury's projected eight to nine weeks of service are better spent on the battery of hotly contested factual issues that have formed the core of this matter since its inception than on a point that the Secretary concedes has never been the focus of her case.[3]

---

[3]     Although this analysis primarily relies on the Rule 403 risks of wasting time and confusing the jury, the Court acknowledges East Penn's argument that unfair prejudice might result if the Secretary were permitted to pursue evidence as to employees' piece-rate compensation. Testimony suggesting that workers were incentivized by their pay structure to arrive to the production floor earlier and stay later could logically

## II. Piece-Rate Compensation Evidence Is Not Relevant to Willfulness

To establish willfulness and thereby expand the statute of limitations from two years to three years, the Secretary must prove that East Penn either knew it was violating the law or acted in reckless disregard of the FLSA's overtime requirements. *Stone v. Troy Constr.*, LLC, 935 F.3d 141, 150 (3d Cir. 2019). Merely establishing an FLSA violation is insufficient. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–33 (1988).

The Secretary states that she is entitled to submit evidence to prove that East Penn willfully violated the FLSA, including evidence that East Penn structured its practices to steer compensable donning, doffing, and showering activities to occur outside of shift time. But evidence of piece-rate compensation—the regulatory compliance of which, it bears repeating, is not at issue in this case, by all parties' accounts—has no relevance to whether East Penn knew or acted with reckless disregard as to whether its *donning, doffing, and showering* practices were violating the FLSA's requirements. *Cf. E. Penn Mfg. Co.*, 2022 WL 1173181, at *5 ("East Penn's alleged knowledge of unpaid *productive* work has nothing to do with its alleged knowledge of unpaid time spent *donning and doffing*, which is, the Court pains to repeat, the Secretary's sole claim in this case."). Evidence of piece-rate compensation is therefore not admissible under this argument.

---

result in the jury's perception that productive time was improperly compensated, which would run afoul of the Court's prior rulings. *E. Penn Mfg. Co.*, 2022 WL 1173181, at *3 ("This suit is not about unpaid *productive* time spent building battery parts."); Feb. 14, 2023 Order, Doc. No. 494. In that event, East Penn could be unfairly prejudiced, as it had no opportunity to adduce evidence of an understanding between itself and its employees that its piece-rate compensation covered both productive and nonproductive time, 29 C.F.R. § 778.318, or confront the correlation between time spent on the production floor and time spent on nonproductive, but compensable activities.

CONCLUSION

There are sufficient factual issues to galvanize the jury's deliberations in this months-long

trial, so there is no need to add a tertiary issue that is not in dispute. The Court will grant East

Penn's Motion to Preclude Evidence Regarding Piece Rate Work Performed by Certain Employees

on Schedule A. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE